2001 ME 27

**Michael BREWER**

v.

**Dennis HAGEMANN.**

Supreme Judicial Court of Maine.

Argued: Dec. 12, 2000.
Decided: Feb. 1, 2001.

See also: 699 A.2d 1139.

Richard W. Elliott II, Esq., (orally), Elliott & Elliott, Boothbay Harbor, for plaintiff.

John P. McVeigh, Esq., (orally), Scott T. Rodgers, Esq., Preti Flaherty Beliveau Pachios & Haley, Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Michael Brewer appeals from the judgment entered in the Superior Court (Lincoln County, *Marsano, J.*) dismissing Brewer's legal malpractice complaint against Dennis Hagemann. Brewer alleges that Hagemann's representation of Brewer in a criminal case was negligent and caused Brewer's conviction and incarceration. The Superior Court held that Brewer could not show that his damages were proximately caused by Hagemann's negligence because his conviction had not been vacated. We affirm the dismissal of the complaint.

[¶ 2] Brewer was convicted after a jury trial of three serious criminal offenses. He filed a late appeal which was dismissed for untimeliness. *State v. Brewer,* 1997 ME 177, ¶ 7, 699 A.2d 1139, 1142. He then filed a post-conviction petition in which he alleged, *inter alia,* that he was deprived of effective assistance of trial counsel.[1] The Superior Court (Sagadahoc County, *Fritzsche, J.*) found that Hagemann's performance in representing Brewer in the criminal proceeding fell below that of an ordinary fallible attorney, but that Brewer had failed to establish that Hagemann's performance was prejudicial to Brewer; that is, Hagemann's performance did not likely affect the outcome of his trial or deprive him of a substantial ground of defense.[2] *Id.* ¶¶ 18–25, 699 A.2d at 1144–46. Brewer's appeal of the post-conviction judgment was joined with a reinstated appeal of his conviction. Both the conviction and the judgment of the Superior Court in denying the post-conviction petition were affirmed. *Id.* ¶ 1, 699 A.2d at 1141.

[¶ 3] While the post-conviction matter was pending, Brewer filed the instant malpractice complaint against Hagemann. The case was stayed for several years, apparently while the post-conviction matter and the appeal were proceeding through the courts. After the stay order was lifted, Hagemann moved to dismiss, primarily arguing that Brewer was required to prove his innocence of the criminal charges. Hagemann contends that an element of a malpractice claim arising from representation in a criminal defense is the innocence of the malpractice plaintiff. He also argues that Brewer is unable, as a matter of law, to show proximate cause. Hagemann argued in the Superior Court that Brewer was barred by res judicata or collateral estoppel from recovering damages against Hagemann.

[¶ 4] A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell,* 1998 ME 70, ¶ 5, 708 A.2d 283, 285. We view the complaint in the light most favorable to the plaintiff, and dismissal is inappropriate if the plaintiff would be entitled to relief under a theory supported by the facts alleged in the complaint. *Id.*

[¶ 5] We have not yet had occasion to determine whether legal malpractice based on negligent representation in a criminal case should be treated differently from legal malpractice arising from repre-

---

1. Following the trial, Hagemann, who was Brewer's trial counsel, was allowed to withdraw, and the court appointed another attorney to represent Brewer at sentencing. *State v. Brewer,* 1997 ME 177, ¶ 7, 699 A.2d 1139, 1142.

2. The post-conviction petition also alleged that Brewer's second counsel was inadequate because he had neglected to file a timely appeal. The Superior Court granted that portion of the petition regarding the failure of the second attorney to file an appeal and reinstated Brewer's right to appeal his conviction. *Brewer,* 1997 ME 177, ¶ 9, 699 A.2d at 1142.

sentation in a civil matter. The elements of civil legal malpractice are (1) breach of a duty by a defendant to conform to a certain standard of conduct, and (2) the plaintiff's damages were proximately caused by the defendant's breach. *Niehoff v. Shankman & Assoc. Legal Center*, 2000 ME 214, ¶ 7, 763 A.2d 121, 124. In the only reported Maine case involving legal malpractice in criminal proceedings, it was not necessary to decide whether an additional element must be shown because the plaintiff did not meet the standard elements of civil legal malpractice. In *Fleming v. Gardner*, 658 A.2d 1074, 1077 (Me.1995), Fleming was unable to demonstrate that his incar-

ceration and any damages resulting therefrom were proximately caused by the defendant attorney because that attorney was not representing Fleming when he pled guilty.

■ [¶ 6] Courts across the country have not uniformly addressed whether the elements of criminal legal malpractice differ from the elements of civil legal malpractice. Some courts have required criminal malpractice plaintiffs to prove actual innocence of the criminal charge,[3] while other courts have required that the conviction be overturned, or that the malpractice plaintiff be exonerated of the criminal charge.[4] A minority of courts have reject-

3. Several courts have determined that a malpractice plaintiff must prove the plaintiff's innocence of the criminal charge for which he or she was convicted. The California Supreme Court articulated the policy reasons for this position and held "that in a criminal malpractice action actual innocence is a necessary element of the plaintiff's cause of action." *Wiley v. County of San Diego*, 19 Cal.4th 532, 79 Cal.Rptr.2d 672, 966 P.2d 983, 991 (1998). Those reasons include the lack of a compensable injury when a guilty person is convicted; the number of safeguards already in place in the criminal justice system to protect persons accused of crimes; the differing purposes of the criminal system and the tort system; and the pragmatic difficulty of the criminal trial within the civil malpractice trial context. The court in *Wiley* included a survey of other courts and concluded that the majority of courts considering the issue have held that innocence is an element of criminal malpractice. *Id.* at 985. More recent decisions reaching the same conclusion include *Rodriguez v. Nielsen*, 259 Neb. 264, 609 N.W.2d 368, 374 (2000); and *Mahoney v. Shaheen, Cappiello, Stein & Gordon, P.A.*, 143 N.H. 491, 727 A.2d 996, 999 (1999) (stating policy arguments similar to those given by California and also recognizing that the pool of attorneys willing to represent indigent criminal defendants needs to be preserved).

4. Jurisdictions which require the malpractice plaintiff to prove exoneration instead of requiring the malpractice plaintiff to prove innocence include Texas. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex.1995). The

Texas Supreme Court framed the issue in causation terms: it is the illegal conduct of the malpractice plaintiff rather than the negligence of her attorney that caused the plaintiff's injuries unless she can show that her conviction has been overturned. *Id. See also Stevens v. Bispham*, 316 Or. 221, 851 P.2d 556, 561 (1993) (holding that an additional element in a criminal malpractice action is exoneration through reversal of the conviction on direct appeal, post-conviction relief proceedings or otherwise). Although this requirement is similar to proof of actual innocence, it is not identical as illustrated by the facts of the *Wiley* case. 79 Cal.Rptr.2d 672, 966 P.2d at 983. In *Wiley* the malpractice plaintiff had been convicted of burglary, but his petition for habeas corpus was granted, partially because of the ineffective investigation by his trial counsel. The prosecutor then chose not to retry the case and dismissed it. *Id.* at 984.

A variation is demonstrated by *Shaw v. State*, 861 P.2d 566 (Alaska 1993). In an earlier version of the *Shaw* case, the Alaska Supreme Court held that an element in a criminal malpractice case is the overturning of the conviction. *See Shaw v. State*, 816 P.2d 1358, 1360 (Alaska 1991). When the case came back to the Alaska Supreme Court, it declined to hold that a malpractice plaintiff has to establish actual innocence as an element, but it held that the malpractice defendant is entitled to raise the guilt of the plaintiff as an affirmative defense. *Shaw*, 861 P.2d at 572. It further held that the burden of proof on the affirmative defense was prepon-

ed the addition of the element of innocence or exoneration to a malpractice action and have held that a criminal malpractice plaintiff must prove the same elements as a civil malpractice plaintiff.[5]

[¶ 7] The situation presented by this case does not require us to consider departing from the standard elements that every legal malpractice plaintiff must prove. As stated above, one of those elements is causation; that is, proof that the plaintiff's damages were proximately caused by the defendant attorney's negligence. The injuries of which Brewer complains all arose from his conviction and incarceration. His complaint pins all of his damages, such as loss of wages, emotional distress, and additional attorney fees, on the fact that he was convicted of the charges for which he was tried. The issue of proximate causation, however, has already been decided against Brewer. The Superior Court, in Brewer's post-conviction proceeding, decided that Hagemann's negligence did not cause Brewer's conviction, and we affirmed that determination. *Brewer*, 1997 ME 177, ¶ 1, 699 A.2d at 1141.

[¶ 8] Brewer cannot attack that determination in this case. Brewer is collaterally estopped from relitigating the issue of causation. Collateral estoppel prohibits parties who have litigated an issue from relitigating it in another action. *Cline v. Maine Coast Nordic*, 1999 ME 72, ¶ 9, 728 A.2d 686, 688. It does not matter that Hagemann was not a party to the post-conviction proceedings because this involves defensive collateral estoppel which allows a defendant to assert collateral es-

toppel against the plaintiff when the plaintiff previously litigated and lost the issue. *See McCord v. Bailey*, 636 F.2d 606, 609 n. 1 (D.C.Cir.1980) (holding that defensive collateral estoppel barred the malpractice plaintiff from relitigating issue of the ineffectiveness of his criminal trial attorney which was decided against the plaintiff in his post-conviction proceeding). When the malpractice plaintiff has every incentive in his post-conviction petition to fully litigate the issue of whether his attorney's malfeasance caused him any prejudice, collateral estoppel is appropriate.

[¶ 9] Brewer had every incentive to prove in the post-conviction hearing that Hagemann's ineffective representation of him was prejudicial because without proving prejudice Brewer could not succeed on the post-conviction petition. The United States Supreme Court held in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that a post-conviction petitioner must establish, when the claim is ineffective assistance of counsel, that (1) counsel was ineffective, and (2) counsel's ineffectiveness prejudiced the petitioner. We apply the *Strickland* standard in ineffective assistance of counsel cases. *Kimball v. State*, 490 A.2d 653, 656 (Me.1985). The prejudice prong of the *Strickland* standard is met when the petitioner demonstrates that there is a reasonable probability that the result of the proceeding would have been different but for counsel's unprofessional errors. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

[¶ 10] In his post-conviction case, Brewer was not able to demonstrate a reasonable probability that the outcome in his

derance of the evidence and the defendant was not limited to the evidence that had been presented at the criminal trial. *Id.*

5. *See, e.g., Krahn v. Kinney*, 43 Ohio St.3d 103, 538 N.E.2d 1058, 1061–62 (1989) (holding that whether the malpractice action arises from criminal or civil representation, the ele-

ments are the same, but also recognizing the difficulty a plaintiff has in demonstrating proximate cause if the plaintiff has not obtained a reversal of the conviction). *See also Jepson v. Stubbs*, 555 S.W.2d 307, 313 (Mo. 1977).

criminal case would have been different but for his attorney's negligence. Since he could not meet the *Strickland* prejudice prong, he cannot meet the legal malpractice element of proving proximate cause by a preponderance of the evidence. Because the decision in his post-conviction case bars him, as a matter of law, from demonstrating proximate cause, an essential element of the tort of professional malpractice, the Superior Court was correct in dismissing his complaint.

The entry is:

Judgment affirmed.