STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
CONSOLIDATED DOCKET
NOS. CV-02-355 & CV-02-356

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2002 OCT 22 P

DONALD L. GARBRECH
LAW LIBRARY

OCT 29 2002

MICHAEL D. MOWLES JR. &
DANIEL P. MARTIN

  Plaintiffs

   v.

PREDICTIVE CONTROL SYSTEMS, LLC &
RAND N. STOWELL,

  Defendants

**ORDER**

On September 25, 2002, this court consolidated case no. CV-02-355 and case no. CV-02-356. Therefore this court will decide Defendant Rand N. Stowell's motions to dismiss pursuant to M.R.Civ.P. 12(b)(6) as well as Plaintiff Michael D. Mowles Jr.'s motion for attachment pursuant to M.R.Civ.P. 4A and motion for trustee process pursuant to M.R.Civ.P. 4B.

## FACTS

Defendant Predictive Control Systems LLC (PCS) is registered in Maine as a limited liability company (LLC) with a base of operations in South Portland, Maine. Defendant Rand N. Stowell (Stowell) is the principal member, manager and officer of the company, holding a 75% membership interest. The terms of the Defendant PCS's operating agreement permit formal business to be carried on only if Defendant Stowell participates and approves. Because the company has often lacked funds for its payroll in the six-month period preceding the Complaint, Defendant Stowell has made up the shortfall from his own funds or funds loaned from other business entities that he controls.

Plaintiff Michael D. Mowles Jr. (Mowles) is the only other member of Defendant PCS, holding a 25% membership interest. Plaintiff Mowles entered into an employment agreement with Defendant PCS that obligated the company to pay him a salary and vacation time, to pay his health insurance, and to pay him an employment bonus by June 30, 2002. On July 2, 2002, Plaintiff Mowles gave notice to the company that he would resign in 30 days. Defendant PCS accepted the resignation, but would not allow Defendant Mowles to access his office or files. Defendant PCS has failed to pay Plaintiff Mowles his past due salary from June 23, 2002 to July 6, 2002 totaling $4,000.00, his earned salary from July 7, 2002 to July 21, 2002 totaling $4,000.00, his accrued vacation time totaling $2,000.00, his health insurance premiums totaling $391.25 and his employment bonus totaling $25,000.00. As a result, Plaintiff Mowles filed suit against Defendant PCS for employment compensation, termination of employment contract, breach of contract, unjust enrichment, and also filed suit against Defendant Stowell, holding him personally liable for Plaintiff Mowles's claims against Defendant PCS.

Plaintiff Daniel P. Martin (Martin) was employed by Defendant PCS; his terms of employment included salary and vacation pay. On July 1, 2002, Plaintiff Martin notified the company that he would resign in 30 days. However, Defendant Stowell terminated his employment immediately. Defendant PCS failed to pay Plaintiff Martin for salary he earned from June 22, 2002 through July 1, 2002 totaling $2,211.54 as well as accrued vacation time totaling $1,320.92. As a result, Plaintiff Martin filed suit against Defendant PCS for employment compensation and against Defendant Stowell, holding him personally liable for Plaintiff Martin's claims against Defendant PCS.

2

## DISCUSSION

Defendant Stowell's motions to dismiss test the legal sufficiency of the consolidated complaints. *See* Brewer v. Hagemann, 2001 ME 27, ¶ 4, 771 A.2d 1030, 1031. When reviewing the motions to dismiss this court will view the consolidated complaints in a light most favorable to the Plaintiffs. *See id.* Moreover, this court will only dismiss a claim if it appears that the Plaintiffs are not entitled to relief under any theory supported by facts averred in the consolidated complaints. *See id.*

The Plaintiffs have alleged in their complaints that Defendant Stowell should be held personally liable for their claims against Defendant PCS. Under Maine law, members or managers of limited liability companies are generally shielded from the LLC's debts, obligations and liabilities. 31 M.R.S.A. § 645(1) (2002). Even if a LLC fails to follow its own formalities, personal liability will not be imposed on the members for the LLC's liabilities. *Id.* § 645(2) However the statutory scheme also provides that

> [t]he exceptions under the common law to a limited liability of shareholders of a business corporation organized under the Maine Business Corporation Act [13-A M.R.S.A. § 101 et seq.] and shareholders of a professional corporation organized under the Professional Service Corporation Act [13 M.R.S.A. § 701 et seq.] apply to the limited liability of members of a limited liability company.

*Id.* § 645(3)

In other words, the Plaintiffs could seek to impose personal liability on Defendant Stowell for Defendant PCS's actions by availing themselves of a doctrine such as piercing the corporate veil. *See* Theberge v. Darbro, Inc., 684 A.2d 1298, 1301 (Me. 1996) (stating that "the corporate entity may be pierced if it is merely the alter ego of an individual or other corporation . . . .") Nevertheless,

3

courts will only disregard the corporate entity when doing so will foster justice. *Id.*

The Plaintiffs argue that Defendant Stowell's motion to dismiss relies on extraneous material such as Defendant Stowell's affidavit, thereby procedurally turning the motion into one for summary judgment. *See* M.R.Civ.P. 12(b).[1] However, this court will exclude matters outside the pleadings and proceed to determine if the Plaintiff has stated a cause of action as to whether Defendant Stowell should be held personally liable for Defendant PCS's liabilities.

The Law Court has held that the corporate entity, which in this case is an entity in the form of a limited liability company, can be disregarded (1) if the defendant dominated, abused or misused the corporate form, and (2) if the court's recognition of a separate corporate existence would cause an unjust or inequitable result. *See* Johnson v. Exclusive Prop. Unlimited, 1998 ME 244, ¶ 6, 720 A.2d 568, 571. In the present case, the Plaintiffs have alleged that Defendant Stowell dominates the managerial and financial affairs of Defendant PCS in such a way that makes it unjust for him to benefit from Defendant PCS's limited liability. For purposes of a motion to dismiss, this court accepts these facts as true and looks at them in a light most favorable to the Plaintiffs. Moreover, the Plaintiffs have stated in their complaint a claim for relief, containing "(1) a short and plain statement of the claim showing that [they are] entitled to relief, and (2) a demand for judgment for the relief which [they] seek[]" M.R.Civ.P. 8(a).

---

[1] M.R.Civ.P.12(b) provides in part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

4

Therefore, based on the theory of piercing the corporate veil, the Plaintiffs have sufficiently alleged a cause of action against Plaintiff Stowell.

As mentioned above, Plaintiff Martin seeks to recover from Defendant PCS $2,211.54 for salary earned and $1,320.92 for vacation pay. 26 M.R.S.A. § 626 (2002). In addition, Plaintiff Martin seeks to recover not only the abovementioned sums but also double damages, attorney fees and interest, which presumably total of $10,750.00. *Id.* § 626-A. Consequentially, Plaintiff Martin has moved for attachment and attachment on trustee process[2] against the real and personal property of the Defendants. Based on Plaintiff Martin's affidavit, it appears more likely than not that he will recover a judgment of $5,000.00. *See* Boisvert v. Boisvert, 672 A.2d 96, 97 (Me. 1996) ("an order for attachment or trustee process [is reviewed] for an abuse of discretion or clear error."). Plaintiff Martin argues that the veil of limited liability should be lifted from Defendant Stowell because he holds a super-majority interest in the company and personally funds the company. However, for purposes of this motion the wage claims belong to Defendant PCS and therefore only its real and personal property can be attached.

WHEREORE this court shall **DENY** Defendant Stowell's motions to dismiss and shall only **GRANT** Plaintiff Martin's motion for attachment on the real and personal property of Defendant Predictive Control Systems, LLC up to the sum of $5,000.00.

Dated: October __22__, 2002

Roland A. Cole
Justice, Superior Court

---

[2] Under M.R.Civ.P 4B, trustee process is not available to recover earnings.

5

MICHAEL D MOWLES, JR  - PLAINTIFF

Attorney for: MICHAEL D MOWLES, JR
SAMUEL M SHERRY
METROPOLITAN LEGAL CENTER PA
PO BOX 18201
PORTLAND ME 04112-8201

vs
PREDICTIVE CONTROL SYSTEMS LLC - DEFENDANT
RAND N STOWELL  - DEFENDANT

Filing Document: COMPLAINT
Filing Date: 07/23/2002

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00355

**DOCKET RECORD**

Minor Case Type: CONTRACT

## Docket Events:

DANIEL P MARTIN  - PLAINTIFF

Attorney for: DANIEL P MARTIN
SAMUEL M SHERRY
METROPOLITAN LEGAL CENTER PA
PO BOX 18201
PORTLAND ME 04112-8201

vs
PREDICTIVE CONTROL SYSTEMS LLC - DEFENDANT

Attorney for: PREDICTIVE CONTROL SYSTEMS LLC
DAVID PERKINS
PERKINS OLSON  PA
30 MILK STREET
PO BOX 449
PORTLAND ME 04112-0449

RAND N STOWELL  - DEFENDANT

Attorney for: RAND N STOWELL
DAVID PERKINS
PERKINS OLSON  PA
30 MILK STREET
PO BOX 449
PORTLAND ME 04112-0449

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00356

**DOCKET RECORD**

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-355

RAC- CUM-

MICHAEL D. MOWLES and 2003 DEC -4 P 2: 48
DANIEL P. MARTIN,
         Plaintiffs,

v.                                                    ORDER

DONALD L. GARBRECHT
LAW LIBRARY

DEC 17 2003

PREDICTIVE CONTROL SYSTEMS, INC.
and RAND N. STOWELL,
         Defendants.

Before this court is the defendant Rand N. Stowell's motion for summary judgment pursuant to Maine Rules of Civil Procedure 56.

## FACTS

Defendant Predictive Control Systems LLC (PCS) is registered in Maine as a limited liability company (LLC) with its base of operations in South Portland, Maine. Defendant Rand N. Stowell (Stowell) is the principal member, manager and officer of the company. Plaintiff Michael D. Mowles Jr. (Mowles) is the only other member of Defendant PCS, holding a 25% membership interest. Plaintiff Daniel P. Martin (Martin) was employed by Defendant PCS. Mowles alleges that Defendant PCS failed to pay his past due salary and other benefits and his employment bonus. Martin alleges that the Defendant PCS has failed to pay him salary and benefits. Both Plaintiffs argue that Stowell should be held personally liable for their claims against PCS.[1]

## DISCUSSION

"A court properly enters a summary judgment pursuant to M. R. Civ. P. 56(c). If there is no genuine issue of any material fact, a party is entitled to a judgment as a

---

[1] The facts are further set forth in the Order dated October 22, 2002. *Mowles v. Predictive Control Sys.*, 2002 Me. Super. LEXIS 190, at *1-3.

1

matter of law." <u>Popanz v. Peregrine Corp.</u>, 1998 ME 95, ¶4, 710 A.2d 250, 251. To reach this conclusion, this court examines the "statement of material facts and the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. . . ." <u>Darling v. Ford Motor Co.</u>, 2003 ME 21, ¶4, 825 A.2d 344, 345.

In this case, Stowell argues that he is personally protected from this action by the corporate veil, and, therefore, the Plaintiffs claims against him individually should be dismissed. Corporate entities, such as a corporation or an LLC, are treated as separate and distinct from the entity's owners with regards to liability. <u>Johnson v. Exclusive Properties Unlimited</u>, 1998 ME 244, ¶5, 720 A.2d 568, 571. "As such, courts are generally reluctant to disregard the legal entity and will cautiously do so only when necessary to promote justice." <u>Id.</u> (quoting <u>Anderson v. Kennebec River Pulp & Paper Co.</u>, 433 A.2d 752, 756 n.5 (Me. 1981)). The general test for piercing the corporate veil and disregarding the corporate entity is that the "plaintiff must establish that: (1) the defendant abused the privilege of a separate corporate entity; and (2) an unjust or inequitable result would occur if the court recognized the separate corporate existence." <u>Johnson</u>, 1998 ME 244, ¶6, 720 A.2d at 571.

Under the first prong of the test set in <u>Johnson</u>, the Law Court has cited a twelve-factor test to determine abuse of the corporate form. <u>Id.</u> at ¶7.[2] Stowell argues that the

_____

[2] The twelve factors cited by the Law Court are

> (1) common ownership; (2) pervasive control; (3) confused intermingling of business activity[,] assets, or management; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; insolvency at the time of the litigated transaction; (9) siphoning away of corporate assets by the dominant shareholders; (10) nonfunctioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; [and] (12) use of the corporation in promoting fraud.

<i>Johnson</i>, 1998 ME 244, ¶7, 770 A.2d 568 (citing <i>George Hyman Constr. Co. v. Gateman</i>, 16 F. Supp. 2d 129, 149-50 (D. Mass. 1998)).

2

corporate form was not abused and that the equities do not favor the plaintiffs. The Plaintiffs argue that Stowell and PCS have violated virtually all of the twelve factors set out in Johnson, but have only denied the record references set forth by Stowell. The plaintiffs have not provided any record references to instances of corporate abuse other than that Carl Bomgardner's ownership interest was absorbed by Stowell and that Article 5.3 of the PCS Operating Agreement states that Stowell must be at every meeting of the members of PCS in order to form a quorum. (Statement of Material Facts in Opp'n to Stowell's Mot. for Summ. J. ¶3.)[3] Stowell refutes the bare allegation that Bomgardner had any interest in PCS, and signed an affidavit to that effect. The Plaintiffs have not presented any facts or argument that would make this allegation a disputed issue of material fact. Additionally, although Article 5.3 may be a harsh provision for members of PCS other than Stowell, there is no evidence of fraud or duress when Mowles signed the Operating Agreement.

The Plaintiffs have also argued that allowing Stowell to be protected from liability would lead to an inequitable result. Opp'n to Stowell's Mot. for Summ. J. The Plaintiffs argue that, "[i]n sum, Stowell has treated PCS as his personal domain." Id. Under the Operating Agreement of PCS, however, Stowell's majority position has allowed him to maintain control over decisions for the company. Def. Rand Stowell's

---

[3] The plaintiffs filed an amended opposing statement of material facts to the court on September 19, 2003, which included discussions of some occurrences in April 2003, and in September 2003. The plaintiffs made no motion to amend their opposing statement of facts, and the defendants have objected to the same. This court will not recognize the amended statement of facts because of the late filing and no reason is given as to why the plaintiffs waited several months to amend their statement of material facts related to events which happened in April.

Memo. in Support of Mot. for Summ. J. Ex. C. Therefore, there is no disputed issue of material fact and summary judgment is appropriately granted.[4]

WHEREFORE, this court GRANTS Defendant Rand Stowell's motion for summary judgment.

Dated:December 4, 2003

Roland A. Cole
Justice, Superior Court

---

[4] Even if the amended opposing statement of material facts were to be acknowledged by the Court, it does not appear that it would affect the outcome in this case. The additional statements in the amended opposing statement of material fact relate to a meeting in April between Stowell and Mowles in which Stowell indicated that he intended to sell the assets of PCS. Stowell allegedly then asked for permission to form a new company, Predictive Control Solutions. Stowell then allegedly overrode Mowles objection. The amended opposing statement of facts also discusses the Plaintiffs discovery of a settlement between PCS and another company.

Courts are hesitant to pierce the corporate veil, particularly where the owners of the corporation are individuals. *See Johnson*, 1998 ME 244, ¶7, n. 3, 720 A.2d 568. In this case, Stowell has demonstrated there is no issue of material fact disputed in this case.

OF COURTS
rland County
. Box 287
aine 04112-0287

DAVID PERKINS ESQ
PO BOX 449
PORTLAND ME 04112

OF COURTS
rland County
. Box 287
aine 04112-0287

SAMUEL SHERRY ESQ
PO BOX 18201
PORTLAND ME 04112-8201