STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                CIVIL ACTION
                                                      DOCKET NO. CV-06-375

REC - CUM - 11/14/2006

DONALD L. GARBRECHT
LAW LIBRARY

JAN 17 2007

LAURIE FORD

           Plaintiff

v.

HENRY I. SHANOSKI, LLC

           Defendant

ORDER ON DEFENDANT'S
MOTION FOR JUDGMENT
ON THE PLEADINGS

Before the Court is Defendant Henry I. Shanoski, LLC's ("Defendant")
motion for judgment on the pleadings pursuant to M.R. Civ. P. 12(c).

## BACKGROUND

The present lawsuit arises out of events surrounding a prior suit brought
by Plaintiff Laurie Ford ("Plaintiff") for damages from injuries suffered in a
motor vehicle accident that occurred in Lewiston, Maine on June 9, 2001. Plaintiff
retained the services of Defendant to represent her in that suit against Morgan
Reeder ("Reeder"), the driver of the other car.

During Defendant's representation of Plaintiff he sought and received
permission to serve process by publication and, when Reeder did not file an
answer, obtained a default judgment in favor of Plaintiff. Subsequently, Reeder
successfully moved to vacate the default judgment. Plaintiff alleges that the
default judgment being vacated was the result of professional negligence on
Defendant's part. Specifically, Plaintiff alleges that:

> (1) Defendant failed to take appropriate steps to serve process on
> the defendant in the underlying litigation (including negligence
> with respect to adhering [to] the rules governing service by
> publication under Rule 4(g) of the Maine Rules of Civil Procedure),

1

Morgan Reeder, and, in fact, ignored information in his possession relating to the defendant's declaration to the United States Postal Service that his proper address was in Lewiston; (2) Defendant failed to submit the mandated military affidavit (Rule 55(b)(4) affidavit) with the default judgment filing; and (3) Defendant's malfeasance and nonfeasance resulted in the Court vacating the default judgment in the approximate amount of $110,000.

(Pl.'s Opp'n to Def's Mot. J. on Plead. At 1-2.)

Following these developments, Plaintiff terminated the services of Defendant and retained a new attorney to represent her for the duration of the lawsuit. Prior to trial, Plaintiff settled her case, receiving significantly less money than she would have received in the default judgment.

## DISCUSSION

### I. Standard of Review

A "motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim." *Stevens v. Bouchard*, 532 A.2d 1028, 1029 (Me. 1987). The Court must "examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory" and "assume that all factual allegations in the complaint are true." *Id.* at 1030.

### II. Matters Outside the Pleadings

As an initial matter, Defendant's motion is styled one for judgment on the pleadings, but he makes clear that to the extent he raises issues outside the pleadings he moves in the alternative for summary judgment. This request can be quickly disposed of. It is within the Court's discretion to treat a motion for judgment on the pleadings as a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." M.R. Civ. P. 12(c). If this action is taken, the motion is then "disposed of as provided in

2

Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* Defendant filed no statement of material facts with his brief as required by M.R. Civ. P. 56(h)(1). As a result, the Court cannot, based on the materials filed with the present motion, treat Defendant's motion as one for summary judgment. Further, discovery has yet to be conducted by either side. Even if Defendant had included a statement of material facts, a motion for summary judgment at this juncture would be inappropriate. As a result, Defendant's motion shall be treated solely as one for judgment on the pleadings and any matters outside the pleadings shall be excluded for purposes of this motion. Should Defendant wish to file a motion for summary judgment conforming to the requirements of the Maine Rules of Civil Procedure he may do so at an appropriate time.

## III. Legal Malpractice

"In legal malpractice cases, the plaintiff must show (1) a breach by the defendant attorney of the duty owed to the plaintiff to conform to a certain standard of conduct; and (2) that the breach of the duty proximately caused an injury or loss to the plaintiff." *Niehoff v. Shankman & Associates Legal Center, P.A.,* 2000 ME 214, ¶ 7, 763 A.2d 121, 124. To satisfy the proximate cause element of legal malpractice, a plaintiff must show that she "could have been successful in the initial suit [without her attorney's negligence]." *Jourdain v. Dineen,* 527 A.2d 1304, 1306 (Me. 1987). "The plaintiff must therefore submit proof of that claim to the jury as a 'trial within a trial' of the attorney malpractice action." *Id.*

### A. No Duty Following Withdrawal

Defendant's first argument for judgment on the pleadings is that he owed no duty to Plaintiff following his termination and that termination of the

attorney-client relationship before final resolution of a client's personal injury case acts as a bar to any cause of action for malpractice subsequently initiated by a client against that attorney. Defendant notes that "[i]t would present a perverse state of affairs if a trial court could permit trial counsel to withdraw . . . and then that attorney became an 'insurance policy' for the former client, after that former client settled for a lesser amount than what she believed was due." *Bright v. Zega*, 186 S.W.3d 201, 205 (Ark. 2004).

Defendant's argument misconstrues either the nature of the negligence alleged by Plaintiff or the precedent he cites. *Bright* was a case where a plaintiff claimed that the prior lawyer withdrawing from representation *was itself* negligence resulting in a lower recovery than would have been achieved had that lawyer stayed on as counsel. *Bright* was decided against the plaintiff in that case because the lawyer's withdrawal was approved by the court based on plaintiff's own misbehavior and because doing so would not push back the expected trial date. *Id.* Similarly, all the other cases cited by Defendant for the proposition that withdrawal from a case bars a later legal malpractice suit by a client involve situations where the alleged malpractice was the withdrawal itself. *See Patton v. Turnage*, 580 S.E.2d 603 (Ga. Ct. App. 2003); *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759 (Mich. Ct. App. 2002); *Lifschultz Fast Freight v. Haynsworth, Marion, McKay & Guerard*, 486 S.E.2d 14 (S.C. Ct. App. 1997).

In the present case, Plaintiff does not argue that Defendant's withdrawal constituted malpractice. Rather, the alleged malpractice occurred significantly before Defendant's withdrawal when he made procedural mistakes leading to the District Court vacating a default judgment in Plaintiff's favor. It would indeed be "a perverse state of affairs" if a lawyer who commits malpractice is

shielded from a lawsuit predicated on that malpractice by being fired and replaced with new counsel.

### B. No Causal Link Between Defendant's Malpractice and Final Outcome

Defendant argues that even if he was negligent, there is no causal link provable between that negligence, which occurred prior to his withdrawal as counsel, and the final settlement of the case, which occurred while Plaintiff was represented by new counsel. Plaintiff argues that this case is similar to one involving a prisoner who brought a legal malpractice claim against an attorney who the prisoner had fired prior to pleading guilty while represented by new counsel. *See Fleming v. Gardner*, 658 A.2d 1074, 1077 (Me. 1997). In that case, the court ruled that "[t]he record is bare of any evidence that [the prisoner's] incarceration and resulting damages, if any, were proximately caused by the claimed failure of the [prior attorney] to properly represent him." *Id.* Defendant analogizes *Fleming* to the present case, stating that because Defendant was discharged prior to Plaintiff's settlement, entered into under the advice of new counsel, Defendant's alleged negligence did not proximately cause any damages resulting from that settlement.

*Fleming* is distinguishable. In *Fleming*, the negligence alleged by the plaintiff was that the defendant lawyer failed to comply with plaintiff's request that there be a motion filed for change of venue. *Id.* at 1076. The damage resulting from this alleged negligence was that plaintiff entered a plea of guilty. *Id.* Following discharge of the defendant lawyer, however, plaintiff hired a new lawyer who filed successful motions both to withdraw plaintiff's guilty plea and for a change of venue. *Id.* at 1076-77. Subsequently, plaintiff pled guilty to all charges against him. *Id.* at 1077. As a result, in that case any negligence allegedly

5

had raised ineffective assistance of counsel, involving identical issues to the malpractice claim, in an unsuccessful post-conviction review proceeding. *Brewer*, 2001 ME 27, ¶ 8, 771 A.2d at 1033. *Brewer* is inapposite as the issues raised by the plaintiff's post-conviction review argument on ineffective assistance of counsel were identical to those that might have been raised in a malpractice case. Defendant does not allege that the issue of his negligence has been decided in his favor in any other judicial proceeding.

Further, there is no support for the proposition that Plaintiff's settlement of her cause of action collaterally estops her from arguing that her claim would have resulted in a higher recovery absent Defendant's negligence. The value of a case can vary over time. It is possible that, as a result of the delay in final adjudication of the case, developments unrelated to the substantive merits of Plaintiff's cause of action transpired that reduced the value of that case as of the time of the settlement compared with what it would have been in the absence of the vacated default judgment.[1] On a motion for judgment on the pleadings, it is unnecessary for Plaintiff to describe evidence that might be presented to support her cause of action. It is enough to withstand judgment on the pleadings for

---

[1] For instance, it is possible that a key witness for Plaintiff moved such that Plaintiff would have been required to pay for round trip airfare and hotel accommodations in order to secure that witness's testimony. Such financial factors could have convinced Plaintiff to settle her underlying case whereas she would not have done so if there had been no delay related to the vacated default judgment. It is also *possible* that Plaintiff will be able to produce evidence showing that even had Reeder been properly served and all appropriate procedural rules complied with, either Reeder would not have responded and default judgment would have been the result or Reeder would have responded and a judgment of $110,000 would still have been entered. If Plaintiff can prove this at trial, her measure of damages could be the difference between the default judgment award and her eventual settlement. While a conceivable harm is sufficient for Plaintiff to withstand the present motion for judgment on the pleadings, at trial it will be necessary for Plaintiff to present admissible evidence regarding precisely how Plaintiff was damaged by Defendant's alleged negligence.

committed by the original lawyer was cured when plaintiff's new lawyer filed the successful motions to withdraw plaintiff's guilty plea as well as to change venue. Therefore, there was no connection between plaintiff's subsequent guilty plea and any alleged negligence of his prior lawyer.

In contrast, in this case Defendant's alleged negligence led to a default judgment entered on Plaintiff's behalf being vacated. In order for this case to be analogous to *Fleming*, Plaintiff's new counsel would have needed to have that default judgment reinstated. This did not happen. Taking all factual allegations in Plaintiff's complaint as true, Plaintiff's negligence led to the District Court vacating its default judgment in Plaintiff's favor and the subsequent lesser recovery for Plaintiff in her settlement. As a result, judgment on the pleadings based on an absence of proximate cause is inappropriate.

### C. Collateral Estoppel

Collateral estoppel is a doctrine by which parties who have litigated an issue are precluded from relitigating that same issue in a subsequent action. *Brewer v. Hagemann*, 2001 ME 27, ¶ 8, 771 A.2d 1030, 1033. Defendant notes that a plaintiff in a legal malpractice action normally is required to present a "case within a case" in which the plaintiff must prove that she would have obtained a better result had it not been for her lawyer's negligence. Defendant asserts, however, that this process is unnecessary in the present case because Plaintiff in voluntarily settling her action has admitted the value of her claim and is now estopped from arguing that it is worth more than she received in the settlement. Defendant cites as support for this position a case in which the Court held that a client was collaterally estopped from relitigating whether his former attorney's negligence resulted in a conviction. There, the client was estopped because he

6

Plaintiff to plead, as she did here, that a better result would have been reached in her case but for Defendant's negligence.[2]

The entry is:

Plaintiff's motion for judgment on the pleadings is DENIED.

Dated at Portland, Maine this _14th_ day of _November_, 2006.

Robert E. Crowley
Justice, Superior Court

---

[2] While collateral estoppel and judicial estoppel are not identical in application, the reasoning behind denying judgment on the pleadings on the basis of collateral estoppel is also applicable to Defendant's judicial estoppel argument. Specifically, it is not necessarily inconsistent for Plaintiff to have reached a settlement of her case following Defendant's negligence in the underlying case here and subsequently to argue that Plaintiff's negligence nevertheless caused her to suffer damages.

8

COURTS
d County
x 287
⊃ 04112 0287

PETER DETROY ESQ
RUSSELL PIERCE ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600



COURTS
nd County
ox 287
ıe 04112-0287

STEVEN E B LECHNER ESQ
4 SOUTH ST
FREEPORT ME 04302

