STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-08-699
JAW
TON MAY -5 P 3: 03

DANA MORSE,

      Plaintiff

v.

RICHARD BERNE and
MICHAEL WHIPPLE,

      Defendants

ORDER

## BEFORE THE COURT

Before the court is Defendant Richard Berne's (Berne) Motion to Dismiss filed March 15, 2009. Also before the court is the Plaintiff Dana Morse's (Morse) Motion for Summary Judgment filed on March 31, 2009. In addition, Defendant Michael Whipple (Whipple) filed a Motion for Judgment on the Pleadings on April 2, 2009.

## PROCEDURAL HISTORY AND BACKGROUND

This matter involves allegations of "malpractice, professional negligence and fraud by attorney." On March 8, 2007, Morse was indicted in the superior court on a Class C charge of Operating Under the Influence (three plus prior convictions of OUI) (Count I) and three Class B charges of Aggravated Forgery (Counts II-IV). Defendant Whipple provided legal representation to Plaintiff Morse from June 29, 2007 until October 22, 2007. Defendant Berne then assumed Morse's defense from October 22, 2007 until February 12, 2008. On February 12, Morse pled guilty to Counts I and II and was sentenced to two concurrent counts of two and a half years in prison. Morse appealed the judgment and the Law

Court dismissed the appeal on January 29, 2009 on the grounds that he is barred from pursuing a direct appeal, stating that "[c]hallenges to a conviction after a guilty plea on the grounds asserted by Morse may only be brought by post-conviction review pursuant to 15 M.R.S. §§ 2121-2132 (2008)." *State v. Morse*, Mem 09-23 (Jan. 29, 2009).

Morse filed a Complaint with this court on December 2, 2008. According to the Complaint, as a result of the Defendants' actions, Morse was deprived of "his right to effective defense" and "injuries and damage suffered thereby were the result of a criminal conviction." Subsequently, Defendant Berne filed a Motion to Dismiss the action. Morse filed a motion for summary judgment with respect to Defendant Whipple. Defendant Whipple then filed a Motion for Judgment on the Pleadings on April 2, 2009.

## DISCUSSION

### I. Defendant Berne's Motion to Dismiss and Defendant Whipple's Motion for Judgment on the Pleadings

#### 1. Standard of Review

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. The facts alleged are treated as admitted, and they are viewed "in the light most favorable to the plaintiff." *Id.* The court should dismiss a claim only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts

2

that he [or she] might prove in support of his [or her] claim." *Id.* (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246).

A motion for judgment on the pleadings filed pursuant to Rule 12(c) is analyzed under the same standard of review the court employs when deciding a motion filed in accordance with Rule 12(b)(6). *See Monopoly, Inc. v. Aldrich*, 683 A.2d 506, 509-10 (Me. 1996) (finding that a motion for judgment on the pleadings is designed to test the legal sufficiency of the complaint). Thus, the court shall employ the same standard in determining Defendant Berne's Motion to Dismiss and Defendant Whipple's Motion for Judgment on the Pleadings.

### 2. The Complaint is Legally Barred by Morse's Guilty Plea and Resulting Incarceration

Morse filed a civil action against both defendants in the United States District Court in the District of Maine based on the same allegations. Docket No. 2:08-cv-00366-DBH. Pursuant to summary review procedure of 28 U.S.C. § 1915A, the Court summarily dismissed Morse's federal complaint. The primary basis for the Court's dismissal was the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court found that "according to his own pleadings [Morse] still stands convicted of the criminal charges underlying his civil complaint," and the doctrine in *Heck* precludes a civil rights action, where in order to recover damages resulting from a conviction or imprisonment, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, [or] declared invalid by state tribunal authorized to make such determinations, . . ." *Id.* at 2 (quoting *Heck*, 512 U.S. at 486-87).

Similarly, the Law Court has held that a convicted client needs to obtain successful post-conviction relief as a predicate to a cause of action for legal

3

malpractice, because the plaintiff would otherwise fail to establish that it was not the plaintiff's own guilt that caused the conviction and incarceration, despite any alleged malpractice. *See Brewer v. Hagemann*, 2001 ME 27, ¶ 8, 771 A.2d 1030. The Court held that "[w]hen the malpractice plaintiff has every incentive in his post-conviction petition to fully litigate the issue of whether his attorney's malfeasance caused him any prejudice, collateral estoppel is appropriate." *Id.* In another decision, the Law Court stated that in order to succeed in a legal malpractice claim, the plaintiff has " the burden to establish by a preponderance of the evidence that the defendant's negligent representation of him proximately caused his present incarceration for which he claims resultant damages." *Fleming*, 658 A.2d at 1077 (citing *Burton v. Merrill*, 612 A.2d 862, 865 (Me. 1995)).

Here, Morse seeks damages arising from his guilty plea entered in a criminal matter, and resulting in a valid judgment and commitment. Morse's conviction resulted directly from his own knowing and voluntary guilty plea. Accepting a guilty plea requires the court to find that the criminal defendant is acting voluntarily and knowingly. M.R. Crim. P. 11(b)-(d). Morse's guilty plea remains valid and has not been invalidated or overturned. Post-conviction review is available to Morse; and although he has filed a petition, he has yet to obtain successful post-conviction relief. Until and unless he does so, he cannot show that the defendants' negligent representation proximately caused his present incarceration.

### 3. Res Judicata

Berne also asserts that the doctrine of *res judicata* precludes Morse from bringing this malpractice action against him concerning the allegations as alleged in Morse's Complaint. In the federal civil action, Docket No. 2:08-cv-00366-DBH,

4

Morse alleged the attorneys failed to pursue pretrial motions, and provided inadequate defense. With respect to Defendant Berne, the federal complaint alleged the following:

> Attorney Richard Berne was retained by the plaintiff on October 23, 2007 as substitute counsel as Attorney Whipple was withdrawn. Attorney Berne failed to pursue pretrial motions or preparation for trial defense in order of plaintiff's right to effective defense. Advice offered from Attorney Berne to his client immediately before the time of trial was to accept a guilty plea arrangement from the state or the judge presiding was to give the "maximum penalty after trial."

See Amended Complaint, USDC Docket No. 2:08-cv-00366-DBH.

The doctrine of *res judicata* prevents "the relitigation of issues that were, or might have been, litigated in a prior action between the same parties or their privies, when a valid final judgment was entered in the prior action." *Norton v. Town of Long Island*, 2005 ME 109, ¶ 17, 883 A.2d 889, 895. A court's conclusion that either issue preclusion or claim preclusion bars a particular litigation is an issue of law. *Id.* at ¶ 16. *Res judicata* can be applied to preclude an entire claim altogether or only certain factual issues that have already been decided in a prior proceeding. *Portland Water Dist. V. Town of Standish*, 2008 ME 23, ¶¶ 8-9, 940 A.2d 1097, 1099-1100.

The action filed by Morse against the Defendants in the United States District Court in the District of Maine did pertain to the same issues and involved the same parties. See Docket No. 2:08-cv-00366-DBH. Morse already brought these claims against the Defendants in the federal action. His case in the federal court was dismissed by a valid and final judgment and now he attempts to re-litigate the same issues.

## II.    Morse's Motion for Summary Judgment

### 1.    Standard of Review

5

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

## 2. Defendant Whipple's Answer

Morse filed a motion for summary judgment making the argument that Defendant Whipple's Answer is legally insufficient in accordance with M.R. Civ. P. 8.[1] He claims that Whipple failed to state, in short and plain terms, his defenses to each claim asserted. In addition, Morse contends that Whipple's Answer improperly fails to admit or deny the averments upon which Whipple relies.

Contrary to Morse's assertions, Defendant Whipple's Answer was properly filed and was done so in accordance with M.R. Civ. P. 8 as well as the

---

[1] Morse did not submit a statement of material facts in accordance with M.R. Civ. P. 56(h).

6

other applicable Maine Rules of Civil Procedure. Defendant Whipple filed a timely answer on March 13, 2009. In his Answer, Whipple denies the allegations asserted in Morse's Complaint that apply to him. He also asserts four affirmative defenses: (1) failure to state a claim; (2) res judicata; (3) collateral estoppel; and (4) comparative fault. The Answer is legally sufficient and Morse's Motion for Summary Judgment fails accordingly.

## CONCLUSION

It is hereby ORDERED as follows:

1. Defendant Berne's Motion to Dismiss is GRANTED.

2. Defendant Whipple's Motion for Judgment on the Pleadings is GRANTED.

3. Plaintiff Morse's Motion for Summary Judgment is DENIED.

DATE: May 5, 2009

_____
Joyce A. Wheeler, Justice

7

DANA MORSE
CENTRAL MAINE PRERELEASE CENTER
PO BOX 8
HALLOWELL ME 04347

PETER DETROY ESQ        ~ Berne
RUSSELL PIERCE ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

JAMES BOWIE ESQ    ~ Whipple
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME 04112-4630