MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 113
Docket:       Cum-18-432
Submitted
  On Briefs:  May 30, 2019
Decided:      July 18, 2019
Revised:      November 21, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, and HJELM, JJ.

ROBERT GOGUEN

v.

JON HADDOW

SAUFLEY, C.J.

[¶1]  Robert Goguen appeals from a judgment of the Superior Court (Cumberland County, *Mills, J.*) dismissing, for failure to state a claim, his complaint alleging professional malpractice and related causes of action arising from Jon Haddow's legal representation of him in federal criminal proceedings. We affirm the judgment.

[¶2]  The federal proceedings at issue here began in January 2011 when Goguen was indicted in the United States District Court for the District of Maine for knowingly failing to register as a sex offender.[1]  *See* 18 U.S.C.S. § 2250(a) (LEXIS through Pub. L. No. 116-19).  Goguen, represented by other counsel,

---

[1]  Goguen was convicted of sexual assault in the second degree in Connecticut in 1996.

2

pleaded guilty to the federal charge, admitting in open court that he had knowingly failed to update his registration.

[¶3] At the same time, Goguen was facing state charges filed in 2010 in Maine for unlawful sexual contact with a minor (Class B), 17-A M.R.S. § 255-A(1)(E-1) (2018). He was represented by another attorney on those charges. It was understood that the state charge could be used by the federal government to enhance the federal sentence.

[¶4] In October 2011, Goguen, personally and not through counsel, filed a motion in federal court asking for his then counsel to withdraw and seeking to withdraw his plea of guilty to the charge of failing to register. That December, the court (*J. Woodcock, J.*) granted Goguen's motion allowing his counsel to withdraw and appointed Haddow to represent Goguen.

[¶5] In May 2012, Goguen withdrew his motion to withdraw the guilty plea in the federal prosecution for failure to register, and the state charge of unlawful sexual contact with a minor was dismissed in July 2012 on the ground that Goguen was "being sentenced in Federal Court."

[¶6] At Goguen's September 2012 federal sentencing hearing on the failure to register charge, the court informed Goguen, thoroughly and in great detail, of the possible consequences of his decision whether to admit or proceed

to trial on the allegation that he had committed a sex offense while in failure to register status—a fact that, if proved, would generate a federal sentencing enhancement. Following that explanation, the court afforded Goguen another hour to consult with Haddow. After consulting with Haddow, Goguen stated in open court that he did not dispute that he had committed a sex offense while in failure to register status. The court sentenced Goguen to a term of months and a period of supervised release with conditions.

[¶7] In 2013, after Goguen left prison on supervised release, the United States Probation Office moved to revoke his release on the ground that he had accessed pornography at the Penobscot Judicial Center law library in violation of his conditions of release. Haddow was again appointed to represent Goguen. In open court, Goguen waived his right to an evidentiary hearing and admitted that he had viewed pornography in violation of the conditions of his supervised release. Goguen was sentenced, and his conviction was affirmed on appeal to the United States Court of Appeals for the First Circuit. *United States v. Goguen*, No. 13-2230 (1st Cir. Oct. 9, 2014).

[¶8] More than three years later, in March 2018, Goguen filed his civil complaint against Haddow in the Superior Court, alleging legal malpractice and related claims arising from Haddow's representation of him both at sentencing

4

for failure to register and during the proceedings to revoke his supervised release. Upon Haddow's motion, the court (*Mills, J.*) dismissed Goguen's complaint for failure to state a claim. *See* M.R. Civ. P. 12(b)(6).

[¶9] Because undisturbed judgments have been entered, here based on Goguen's in-court admissions, finding that he committed a sex offense while in failure to register status and that he accessed pornography in violation of his conditions of release, Goguen is collaterally estopped from asserting that inaccurate legal advice—rather than his own conduct—caused the injuries that he alleges.[2] *See Butler v. Mooers*, 2001 ME 56, ¶¶ 8-9, 771 A.2d 1034; *Brewer v. Hagemann*, 2001 ME 27, ¶¶ 7-10, 771 A.2d 1030.

[¶10] As the trial court noted, in many jurisdictions, a person bringing a professional malpractice claim against former criminal defense counsel must plead and prove the additional element of exoneration, if not actual innocence, of the criminal charge to seek any relief on the basis of incarceration. *Brewer*, 2001 ME 27, ¶ 6 & nn.3-4, 771 A.2d 1030. Most states require actual innocence, *see Wiley v. County of San Diego*, 966 P.2d 983, 991 (Cal. 1998); *Rodriguez v.*

---

[2] All torts that Goguen has alleged require proximate causation. *See Argereow v. Weisberg*, 2018 ME 140, ¶ 27, 195 A.3d 1210 (intentional infliction of emotional distress); *Steadman v. Pagels*, 2015 ME 122, ¶ 26, 125 A.3d 713 (negligent infliction of emotional distress); *Bell ex rel. Bell v. Dawson*, 2013 ME 108, ¶¶ 17, 24, 82 A.3d 827 (negligent supervision); *Butler v. Mooers*, 2001 ME 56, ¶ 9, 771 A.2d 1034 (professional malpractice).

*Nielsen*, 609 N.W.2d 368, 374-75 (Neb. 2000); *Mahoney v. Shaheen, Cappiello, Stein & Gordon, P.A.*, 727 A.2d 996, 999-1000 (N.H. 1999),[3] though some states require only exoneration, *see Shaw v. State*, 861 P.2d 566, 569-73 (Alaska 1993); *Stevens v. Bispham*, 851 P.2d 556, 561 (Or. 1993); *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex. 1995). *See Brewer*, 2001 ME 27, ¶ 6 & nn. 3-4, 771 A.2d 1030.

[¶11] Goguen has not, however, alleged that any one of the pertinent court orders—the judgment of conviction for failing to register, the sentence imposed upon that conviction, or the order revoking his release—has been set aside for *any* reason. Because Goguen has not, through his complaint, presented any facts necessary to overcome the Maine collateral estoppel bar, we need not, on the record presented here, opine on whether the elements of actual innocence or exoneration are necessary or sufficient to proceed with a professional malpractice claim under Maine law when the alleged malpractice involved the entry of a judgment of conviction or a subsequent revocation of release. Further, to the extent that Goguen's complaint may be seen to allege

---

[3] *Cf. Hilario v. Reardon*, 960 A.2d 337, 339, 343-45 (N.H. 2008) (vacating the dismissal of a complaint alleging that counsel's unauthorized motion to withdraw a guilty plea resulted in the convicted offender's breach of the plea agreement and a ruling that the offender could not seek suspension of a portion of his sentence pursuant to the terms of that agreement).

malpractice affecting the sentence imposed by the federal court after Goguen pleaded guilty to failing to register, the complaint fails to state a claim for relief because, as is revealed by Goguen's allegations themselves, the sentence imposed was at the bottom of the applicable range of the federal sentencing guidelines given the offense level that pertained to Goguen for his crime of failure to register.

The entry is:

Judgment affirmed.

---

Robert Goguen, appellant pro se

Benjamin J. Wahrer, Esq., and James M. Bowie, Esq., Thompson Bowie & Hatch LLC, Portland, for appellee Jon Haddow