Rockingham
No. 2009-549

DOROTHY J. GAYLOR *& a.*

v.

STEPHEN T. JEFFCO, ESQ. *& a.*

Submitted: February 17, 2010
Opinion Issued: June 3, 2010

Dorothy J. Gaylor and Gregory A. Gaylor, by brief, *pro se.*

*Wadleigh, Starr & Peters, PLLC,* of Manchester (*Jeffrey H. Karlin* on the brief), for the defendants.

DUGGAN, J. The plaintiffs, Gregory A. Gaylor and his mother, Dorothy J. Gaylor, appeal an order of the Superior Court (*McHugh,* J.) dismissing their claim for criminal legal malpractice against the defendants, Stephen T. Jeffco, Esq., Harry N. Starbranch, Jr., Esq., and Jeffco Starbranch & Soldati. We affirm.

The record and our decision in *State v. Gaylor,* 158 N.H. 230 (2009), support the following facts. In December 1997, Gregory Gaylor was indicted on multiple theft counts and one count of willful evasion of the New Hampshire business profits tax. *Gaylor,* 158 N.H. at 231. During jury deliberations, Gaylor absconded. *Id.* He was convicted of over one hundred counts of theft and tax evasion, and sentenced in absentia to a prison term and to pay restitution. *Id.* In July 1999, while still a fugitive, Gaylor appealed. *Id.* We dismissed his appeal because of his fugitive status. *Id.* He was arrested in Switzerland in 1999 and extradited to New Hampshire in 2000, where he began serving his sentences. *Id.*

In April 2001, Gaylor filed motions asking us to reconsider and to set aside our dismissal of his appeal. *Id.* We denied both motions. *Id.* In 2003, Gaylor unsuccessfully petitioned for a writ of habeas corpus in the superior court, claiming ineffective assistance of counsel and actual innocence. *Id.* at 234. In 2006, he petitioned for a writ of habeas corpus in the United States District Court for the District of New Hampshire challenging his state court convictions, arguing actual innocence. *Id.* The federal court denied the petition, finding that Gaylor had failed to produce any new reliable evidence supporting his claim. *Id.*

In July 2007, Gaylor again sought to appeal his convictions to this court, arguing that we should reconsider our dismissal of his original appeal in 1999. *Id.* at 231. We held that Gaylor's new appeal was untimely, and that he had forfeited the right to appellate review when he absented himself from the jurisdiction during the appeal period. *Id.* at 235.

While this appeal was pending, Gaylor moved for a new trial in the superior court, again claiming actual innocence. After an evidentiary hearing, the superior court denied this motion. *Id.* at 234.

In 2000, the plaintiffs retained the defendants' law firm to "provide legal services and advice in connection with state and federal collateral proceed-

ings challenging the criminal convictions in *State v. Gregory A. Gaylor*, 98-S-468-474." In January 2009, the plaintiffs filed a criminal legal malpractice action against the defendants, alleging that they negligently forfeited Gaylor's ability to challenge his convictions in federal court. Specifically, the plaintiffs argued that, because the defendants failed to timely file state proceedings to toll the one-year limitations period, Gaylor lost the opportunity to file a habeas corpus petition in federal court. As a result, his petition was dismissed as untimely.

The superior court granted the defendants' motion to dismiss the plaintiffs' writ, finding that, in order to prevail, Gaylor had to prove his actual innocence. The court ruled that the case was governed by *Mahoney v. Shaheen, Cappiello, Stein & Gordon, P.A.*, 143 N.H. 491 (1999), and *Therrien v. Sullivan*, 153 N.H. 211 (2006), and not by *Hilario v. Reardon*, 158 N.H. 56 (2008). The court denied the plaintiffs' motion for reconsideration. This appeal followed.

On appeal, the plaintiffs argue that the superior court: (1) erred by requiring Gaylor to prove his actual innocence; (2) violated their "state and federal constitutional rights to due process and access to the courts;" and (3) erroneously denied their request for a telephonic hearing on the defendants' motion to dismiss.

In reviewing the trial court's grant of a motion to dismiss, we consider whether the allegations in the plaintiffs' pleadings are reasonably susceptible of a construction that would permit recovery. *McNamara v. Hersh*, 157 N.H. 72, 73 (2008). We assume the plaintiffs' pleadings to be true and construe all reasonable inferences in the light most favorable to them. *Id.* We test the facts in the petition against the applicable law, and if the allegations constitute a basis for legal relief, we must find that the dismissal was improper. *Id.*

We first address the plaintiffs' argument that the superior court erred by ruling that Gaylor had to prove his actual innocence. The plaintiffs contend that the actual innocence requirement does not apply to allegations of legal malpractice involving post-conviction counsel, and that the defendants' negligence was unrelated to tactical or strategic decisions made during the trial. We disagree.

In New Hampshire, a civil legal malpractice action requires proof of three elements. *Therrien*, 153 N.H. at 213; *Mahoney*, 143 N.H. at 495-96. First, there must be an attorney-client relationship that triggers an attorney's duty to exercise reasonable professional care, skill, and knowledge in providing legal services to a client. *Therrien*, 153 N.H. at 213. Second, a breach of that duty must occur. *Id.* And third, a resultant harm must be legally caused by the breach. *Id.* When the alleged malpractice

arises out of a criminal case, however, we apply an augmented standard. *Mahoney*, 143 N.H. at 496. In addition to the three elements listed above, the claimant must allege and prove, by a preponderance of the evidence, his or her actual innocence. *Id.*

In *Mahoney*, after the client pled guilty to numerous felonies, he brought a legal malpractice action against his attorneys for their representation during his grand jury investigation. *Id.* at 494. We held that "tactical or strategic decisions made by defense counsel during their representation should not be subject to attack by clients unable to prove their actual innocence." *Id.* at 498. This requirement prevents legal malpractice actions from shifting the responsibility for the criminal conduct and its associated consequences away from the defendant. *Id.* at 497; *see also Therrien*, 153 N.H. at 211-12 (holding that a criminal legal malpractice action does not accrue until the defendant receives direct or collateral relief from his or her underlying criminal conviction).

In arguing that Gaylor need not prove his actual innocence, the plaintiffs rely upon *Hilario*. In *Hilario*, the client appealed the trial court's dismissal of his legal malpractice action against his attorney, who, unbeknownst to the client, attempted to withdraw his guilty plea, which led to the forfeiture of the client's ability to suspend a portion of his sentence. *Id.* at 59. We reversed, finding that the client need not prove his actual innocence under the circumstances of that case because the alleged malpractice did not involve tactical or strategic decisions bearing upon the client's convictions and because the client was not challenging his convictions. *Id.* at 64-65, 67.

We reasoned that the alleged malpractice in *Hilario* was distinguishable from that in *Mahoney* because, in *Hilario*, the attorney's action was unrelated to the client's culpability for the underlying criminal acts, and if that attorney had not acted negligently, the client would not have obtained a different result in his criminal trial. *Id.* at 66, 67. In *Hilario*, we reaffirmed the "bright-line" rule from *Mahoney* that "[a] plaintiff must still demonstrate his actual innocence when the claim is based upon an allegedly wrongful conviction or upon professional judgments intended to avert indictment or conviction." *Id.* at 65-66. At the same time, we created a narrow exception to *Mahoney*, limited to those situations where the client's malpractice claims are unrelated to underlying guilt or innocence. *Id.* at 64, 66. In *Hilario*, the only claim of alleged malpractice involved an attorney's action that affected the length of the client's sentence. *Id.* at 59.

Gaylor makes no such claim here and continues to attack his underlying convictions. In *Hilario*, we stated that "courts are generally concerned with malpractice actions that, even if they do not directly challenge the underlying conviction, tend to undermine or indirectly challenge it." *Id.* at

64. The plaintiffs' malpractice action does exactly that, as Gaylor seeks federal habeas corpus relief to collaterally attack his underlying convictions.

This present case is similar to the case of *Self v. Emblem*, No. D044728, 2005 WL1926704, at *1 (Cal. Ct. App. Aug. 12, 2005) (unpublished opinion),[1] where the client alleged that his attorney negligently failed to inform the federal courts of a pending state court filing that would have tolled the one-year limitations period. *Id.* The client argued that the actual innocence requirement did not apply because he only challenged the right to have his federal habeas corpus petition heard, not his conviction, and because the attorney was not his defense counsel at trial. *Id.* at *3. The court found that since the client's own criminal acts remained the source of his conviction, irrespective of his attorney's alleged negligence, neither the nature of the criminal proceedings nor the stage at which the alleged legal malpractice occurred entitled him to avoid the actual innocence requirement. *Id.*

■ As in *Self*, the plaintiffs here attempt to avoid the actual innocence requirement by asserting that the defendants, as post-conviction counsel, are not subject to this requirement. *Id.* at *3. Further, they argue that they are only challenging the defendants' negligence, not Gaylor's conviction. *Id.* However, as in *Self*, the defendants' alleged malpractice is linked to efforts to overturn Gaylor's conviction. Thus, the plaintiffs' criminal legal malpractice action is barred because they failed to allege actual innocence. *See Mahoney*, 143 N.H. at 498; *Hilario*, 158 N.H. at 64.

■ We next address the plaintiffs' argument that the superior court violated "their state and federal constitutional rights to due process to access the courts." This contention is merely a restatement of their first argument against the application of the actual innocence requirement. Because the plaintiffs cite no legal authority that there is a constitutional basis for this contention, we find this argument to be without merit and decline to consider it further. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

■ Finally, we address the plaintiffs' argument that the superior court erroneously granted the defendants' motion to dismiss without first holding a hearing. Under Superior Court Rule 58, "a party seeking a hearing on an objection to a motion must request one within ten days after the filing of a motion." The superior court has the discretion to grant or deny such a request. *Furbush v. McKittrick*, 149 N.H. 426, 430 (2003). Here, the plaintiffs requested a hearing on the defendants' motion to dismiss. However, they fail to explain how they were prejudiced by the denial of this

---

[1] We note that California Rule of Court 8.1115(a) (2010) provides that such opinions "must not be cited or relied on by a court . . . in any other action."

request. Accordingly, we find no error. *See State v. Lambert*, 147 N.H. 295, 296 (2001) (to show that trial court unsustainably exercised its discretion, appellants must demonstrate ruling was clearly untenable or unreasonable to the prejudice of their case).

*Affirmed.*

BRODERICK, C.J., and DALIANIS and HICKS, JJ., concurred.