ENTERED SEP 0 4 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-541
TDW-CUM-09-02-14

CHARLES SWANSON,

   Plaintiff

STATE OF MAINE
Cumberland, ss. Clerk's Office

v.

SEP 03 2014  ORDER

RECEIVED

THOMAS HALLETT, et al,

   Defendants

Before the court is a motion by defendants Thomas Hallett, Michael Whipple, and the Hallett Law Firm (collectively, "the Hallett defendants") to dismiss plaintiff Charles Swanson's amended complaint for legal malpractice based on the Hallett defendants' representation of Swanson in a criminal case. The case resulted in guilty pleas to various charges including four felony charges of Unlawful Sexual Contact that resulted in a lifetime registration requirement under Maine's Sex Offender Registration and Notification Act (SORNA), 34-A M.R.S. § 11201 *et seq.*

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 101. Dismissal is appropriate only when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Moody v. State Liquor & Lottery Commission*, 2004 ME 20 ¶ 7, 843 A.2d 43. However, a plaintiff may not proceed if the complaint fails to allege essential elements of the cause of action. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell*, 1998 ME 703 ¶¶ 6-7, 708 A.2d 283.

This case raises the question of whether a convicted defendant in a criminal case can sue the lawyer who represented him for malpractice when the defendant's convictions have not been set aside, when the defendant has not been exonerated, and when he does not make any claim that he is actually innocent of the crimes in question.

Swanson alleges that the Hallett defendants represented him when he was charged with four felony counts of unlawful sexual contact, three misdemeanor counts of unlawful sexual touching, and two misdemeanor counts of domestic violence assault. See Amended Complaint ¶ 5 and docket sheet in *State v. Swanson*, CR-10-7720, which is attached to Swanson's complaint.[1] The four unlawful sexual contact counts were brought under 17-A M.R.S. § 255-A(1)(M), which applies to sexual contact with a person under 18 by a parent, stepparent, foster parent, guardian or other similar person responsible for the care and welfare of the person in question.

Swanson further alleges that the Hallett defendants were aware that he did not wish to accept any plea offer that would have involved a lifetime registration requirement. He alleges that they negotiated a plea agreement and incorrectly represented that it would result in only a 10 year registration requirement. He accepted the plea bargain, which involved guilty pleas to all counts, and later learned that the four felony convictions for unlawful sexual contact resulted in a lifetime registration requirement. Amended Complaint ¶¶ 8, 10-11, 15. The docket sheet shows that Swanson received a concurrent sentence of three years, all but 9 months suspended with three years' probation, on each of the felony unlawful sexual contact convictions.

Under SORNA, any single conviction for unlawful sexual conduct under 17-A M.R.S. § 255-A(1)(M) would result in a 10 year registration requirement. *See* 34-A M.R.S. §§ 11203(5), 11203(6)(B). Because Swanson had pled to multiple counts of unlawful sexual contact under

---

[1] The court can consider the docket sheet because it can take judicial notice of its own records and because the criminal case is central to Swanson's complaint. *Moody v. State Liquor & Lottery Commission*, 2004 ME 20 ¶ 9.

[2] Even if the State might have been willing to drop three of the felony unlawful sexual contact counts, it might only have been willing to do so in exchange for a longer sentence involving incarceration in a Department of Corrections facility. In that event Swanson would have to prove that he would have accepted a longer sentence to avoid a lifetime registration requirement.

[3] *Accord, Paulsen v. Cochran*, 826 N.E.2d 526, 530-33 (Ill. App.), *leave to appeal denied*, 833 N.E. 2d 4 (2005); *Ray v. Stone*, 952 S.W.2d 220, 224 (Ky. App. 1997); *Rodriguez v. Nielsen*, 609 N.W.2d 368, 373-75 (Neb. 2000); *Morgano v. Smith*, 879 P.2d 735, 738 (Nev. 1994); *Bailey v. Tucker*, 621 A.2d 108, 115

section 255-A(1)(M) for acts on different dates, he became subject to a lifetime registration requirement pursuant to 34-A M.R.S. § 11203(8)(B)(2)(b).

Swanson alleges that at the time of his plea it was believed by all parties that his pleas would result in only a 10 year registration requirement and that, but for the Hallett defendants' professional negligence, he would have obtained a negotiated plea that would have resulted in a 10 year registration requirement. Amended Complaint ¶¶ 13, 17. The latter allegation may be very difficult to prove because the lifetime registration requirement is based on Swanson's plea to more than one felony count of unlawful sexual contact. To have been relieved of the status of a lifetime registrant, therefore, Swanson would have to show that the State would have been willing to drop three of the felony unlawful sexual contact charges in exchange for his plea.[2] Nevertheless the court accepts this allegation for purposes of the motion to dismiss.

In the amended complaint Swanson does not allege that his felony convictions for unlawful sexual contact have been set aside or that he has been exonerated on those charges. He also does not allege that he is actually innocent of those charges.

The Majority Rule Requiring Exoneration and/or Actual Innocence

In *Brewer v. Hagemann,* 2001 ME 27, 771 A.2d 1030, the Law Court noted that courts in a number of states had required criminal defendants alleging malpractice by their defense counsel to prove that they were actually innocent of the crime charged while courts in other states had required that the criminal conviction be overturned or the defendant otherwise exonerated. 2001 ME 27 ¶ 6 & nn. 3-4. Some states have required both showings. *E.g., Coscia v. McKenna & Cuneo,* 25 P.3d 670, 672-73 (Cal. 2001). A minority of states have not required either a showing of exoneration or a showing of actual innocence. *Brewer,* 2001 ME 27 ¶ 6 & n.5.

---

[2] Even if the State might have been willing to drop three of the felony unlawful sexual contact counts, it might only have been willing to do so in exchange for a longer sentence involving incarceration in a Department of Corrections facility. In that event Swanson would have to prove that he would have accepted a longer sentence to avoid a lifetime registration requirement.

In *Brewer* the Law Court did not have to decide whether or not a showing of either exoneration or innocence is required in Maine because it found that Brewer's claim was barred by collateral estoppel. Brewer had brought a proceeding for post-conviction review, and the post-conviction finding that the outcome of his case would not have been different despite his counsel's ineffectiveness precluded him from proving causation on his legal malpractice claim. 2001 ME 27 ¶¶ 7-9.

Although the pleadings are silent on this issue, the court can take judicial notice that Swanson filed a petition for post-conviction review but withdrew that petition before hearing and before any findings were made by the court on whether the Hallett defendants were ineffective and whether Swanson would have entered his pleas if he had known he would be a lifetime registrant. *Swanson v. State,* CR-11-7956 (UCD Cumberland). The Hallett defendants argue that, even without adverse post-conviction findings, Swanson is collaterally estopped by his convictions from arguing that his harm was caused by anything other than his own criminal conduct. There is some support for this argument in the Law Court's decision in *Butler v. Mooers,* 2001 ME 56 ¶ 9, 771 A.2d 1034, in which a defendant who had in the course of his guilty plea had acknowledged that he had acted knowingly and willfully was held to be precluded from arguing that his criminal conduct had resulted from his attorney's negligent legal advice.

In the alternative, however, the court predicts that, if presented with the issue, the Law Court would follow the majority rule that where a defendant is arguing that he would not have been convicted but for the professional negligence of his attorney, he must first be exonerated or have the conviction set aside or prove that he is actually innocent of the charge. Cases establishing an exoneration rule include *Canaan v. Bartee,* 72 P.3d 911, 915-17 (Kan. 2003) (collecting cases); *Gibson v. Trant,* 58 S.W.3d 107, 116 (Tenn. 2001); *Berringer v. Steele,* 758 A.2d 574, 597 (Md. App. 2000) (requiring criminal defendants to obtain post-conviction relief as a predicate to recovery against counsel); *Steele v. Kehoe,* 747 So.2d 931, 933 (Fla. 1999); *Peeler*

4

*v. Hughes & Luce*, 909 S.W.2d 494, 497-98 (Tex. 1995); and *Stevens v. Bispham*, 851 P.2d 556, 566 (Or. 1993).

Jurisdictions that have ruled that a convicted defendant must prove by a preponderance of the evidence that he is actually innocent of the charge include New Hampshire, Massachusetts, and California. *Gaylor v. Jeffco*, 999 A.2d 290, 293-94 (N.H. 2010); *Correia v. Fagan*, 891 N.E.2d 227, 233-34 (Mass. 2008); *Glenn v. Aiken*, 569 N.E.2d 783, 787 (Mass. 1991); *Coscia v. McKenna & Cuneo*, 25 P.3d 670, 672-73 (Cal. 2001); *Wiley v. County of San Diego*, 966 P.2d 983, 985-91 (Cal. 1998).[3] The difference between exoneration and actual innocence is discussed by the Supreme Judicial Court of Massachusetts in *Correia v. Fagan*, 891 N.E.2d at 233-34. A defendant may have his or her conviction set aside for procedural reasons or may be acquitted because the State cannot prove guilt beyond a reasonable doubt, but that is not the same as actual innocence. Some jurisdictions have required both a showing of exoneration and of actual innocence. *E.g., Coscia v. McKenna & Cuneo*, 25 P.3d at 672-73.

The court predicts that the Law Court, if presented with the issue, would adopt the majority rule and would at least require exoneration and most likely actual innocence as a prerequisite to bringing a legal malpractice action against criminal defense counsel. The rationale for an exoneration requirement is set forth in cases such as *Canaan v. Bartee*, 72 P.3d at 915-17 and *Gibson v. Trant*, 58 S.W.3d at 117. Representative of the decisions imposing an actual innocence requirement are the rulings of the Massachusetts Supreme Judicial Court in *Correia v.*

---

[3] *Accord, Paulsen v. Cochran*, 826 N.E.2d 526, 530-33 (Ill. App.), *leave to appeal denied*, 833 N.E. 2d 4 (2005); *Ray v. Stone*, 952 S.W.2d 220, 224 (Ky. App. 1997); *Rodriguez v. Nielsen*, 609 N.W.2d 368, 373-75 (Neb. 2000); *Morgano v. Smith*, 879 P.2d 735, 738 (Nev. 1994); *Bailey v. Tucker*, 621 A.2d 108, 115 n.12 (Pa. 1993); *Brown v. Theos*, 550 S.E.2d 304, 306 (S.C. 2001); *Taylor v. Davis*, 576 S.E.2d 445, 447 (Va. 2003); *Adkins v. Dixon*, 482 S.E.2d 797, 801-02 (Va. 1997); *Ang v. Martin*, 114 P.3d 637, 641-42 (Wash. 2005); *Hicks v. Nunnery*, 2002 WI App. 87 ¶¶ 32-45, 643 N.W.2d 809, 819-23 (Wisc. App. 2002), *petition for review denied*, 2003 WI 16, 657 N.W.2d 706 (2003). The Supreme Court of Alaska has also agreed that actual innocence is relevant to a claim of malpractice on the part of a criminal defense lawyer but concluded that the issue of whether the malpractice plaintiff actually committed the crime is an affirmative defense to be raised by the malpractice defendant. *Shaw v. State of Alaska*, 861 P.2d 566, 570-72 (Alaska 1993).

*Fagan*, 891 N.E.2d at 233-34, and the California Supreme Court in *Wiley v. County of San Diego*, 966 P.2d at 985-91.

One persuasive reason for an exoneration requirement is that, unless a conviction has been set aside, it is the illegal conduct of the malpractice plaintiff – admitted in court or proven beyond a reasonable doubt – rather than the negligence of the defense counsel that is the primary cause of the damages claimed. *See, e.g., Canaan v. Bartee*, 72 P.3d at 917. In this case it bears emphasis that if Swanson could prove his allegations that he was misled as to the SORNA consequences of his plea because of the negligence of the Hallett defendants and that he would not have entered pleas if he had known he would have been a lifetime registrant, he could have pursued his petition for post-conviction review and had his unlawful sexual contact convictions set aside. However, he would then have faced trial on the underlying charges and, if convicted on more than one felony charge of unlawful sexual contact, would again be subject to a lifetime registration requirement and would almost certainly have received a significantly longer sentence as well. So long as Swanson stands convicted of at least two charges of unlawful sexual contact, the lifetime registration requirement results from his own illegal conduct.

The rationale for an actual innocence requirement has been set forth by the Supreme Court of California in the following terms: "The notion of paying damages to a plaintiff who actually committed the criminal offense solely because a lawyer negligently failed to secure an acquittal is of questionable public policy and is contrary to the intuitive response that damages should only be awarded to a person who is truly free from any criminal involvement." *Wiley v. County of San Diego*, 966 P.2d at 987 (citation omitted). To the same effect, the New Hampshire Supreme Court has noted that allowing criminal defendants to recover for malpractice without a showing of actual innocence would "engender disrespect for courts and generally discredit the administration of justice." *Mahoney v. Shaheen, Cappiello, Stein & Gordon P.A.*, 727 A.2d 996, 999-1000 (N.H. 1999), *quoting State ex rel. O'Blennis v. Adolf*, 691 S.W.2d 498, 504 (Mo. App. 1985).

6

Another important policy favoring an both an exoneration and an actual innocence requirement is that, as the Massachusetts Supreme Judicial Court observed in *Glenn v. Aiken*, "the public has a strong interest in encouraging the representation of criminal defendants, particularly those who are ruled to be indigent." 569 N.E.2d at 788. *Accord, Mahoney v. Shaheen, Cappiello, Stein & Gordon*, 727 A.2d at 1000. Most criminal defendants are represented by counsel appointed at public expense or by private counsel whose fees are not substantial. As the Massachusetts and New Hampshire courts have noted, the adoption of an actual innocence rule encourages representation of criminal defendants by reducing the risk of malpractice liability, while a contrary rule may dampen the willingness of lawyers to enter the criminal defense arena. *Glenn v. Aiken*, 569 N.E.2d at 788; *Mahoney v. Shaheen, Cappiello, Stein & Gordon P.A.*, 727 A.2d at 1000.[4] *Accord, Bailey v. Tucker*, 621 A.2d at 114.

It may not be necessary to show either exoneration or actual innocence if the claim of malpractice relates solely to sentencing. In a case subsequent to *Mahoney v. Shaheen, Cappiello, Stein & Gordon P.A.*, the New Hampshire Supreme Court reaffirmed the actual innocence requirement for criminal defendants asserting malpractice claims based on their convictions but ruled that a criminal defendant who acknowledged his guilt was not barred from bringing a malpractice claim asserting that his attorney had unilaterally forfeited his ability to seek a lesser sentence. *Hilario v. Reardon*, 960 A.2d 337, 344-45 (N.H. 2008).

Swanson relies heavily on *Hilario* in arguing that he should not be required to allege exoneration or actual innocence in this case. The problem with this argument is that the lifetime registration requirement which forms the basis for Swanson's complaint does not follow from

---

[4] In *Wiley v. County of San Diego*, the California Supreme Court observed that if they were potentially exposed to a greater number of malpractice suits, criminal defense attorneys might practice "defensive" law more frequently to insulate themselves from liability. "In our already overburdened system it behooves no one to encourage the additional expenditure of resources merely to build a record against a potential malpractice claim." 966 P.2d at 991, *quoting Bailey v. Tucker*, 621 A.2d at 114. In *Bailey* the Pennsylvania Supreme Court noted that increased vulnerability to malpractice suits might also affect the willingness of criminal defense attorneys to exercise their independent legal judgment with respect to strategic and tactical decisions, such as whether to forego cross-examining a given witness. *Id.*

any alleged failures on the part of defense counsel at sentencing but rather results from Swanson's convictions on multiple counts of unlawful sexual contact.

Two years after *Hilario* the New Hampshire Supreme Court noted that the only claim of alleged malpractice in *Hilario* involved "the length of the client's sentence." *Gaylor v. Jeffco,* 999 A.2d at 293. In *Gaylor* the New Hampshire Court applied the actual innocence rule to any claim of legal malpractice that directly or indirectly challenges an underlying conviction. *Id.* In this case Swanson is indirectly challenging three of his convictions for unlawful sexual contact because the lifetime registration obligation of which he complains results from those convictions.

In sum, the SORNA lifetime registration requirement results from convictions for multiple instances of conduct which Swanson acknowledged that he committed at the time of his plea. Swanson does not allege that those convictions have been set aside. He does not allege that he is actually innocent of those charges. As a result, his complaint fails to state a claim on which relief may be granted.

The entry shall be:

Defendants' motion to dismiss the amended complaint is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September 2, 2014

_____
Thomas D. Warren
Justice, Superior Court

8

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

THOMAS CAREY ESQ
CAREY & ASSOCIATES PA
PO BOX 100
RUMFORD ME 04276-0100

*Plaintiff's Attorney*

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

WENDELL LARGE ESQ
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

*Defendants' Attorney*