STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-117

ROBERT GOGUEN,

     Plaintiff

v.

     ORDER

JON HADDOW,

     Defendant

The court's order dated October 5, 2018 is withdrawn and replaced with the court's order

dated October 8, 2018.

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P.

79(a).

Date: October 10, 2018

Nancy Mills
Justice, Superior Court

REC'D CUMB CLERKS OFC
OCT 10 '18 AF 0:39

1

STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                                    DOCKET NO. CV-18-117

ROBERT GOGUEN,

                    Plaintiff

v.                                                  ORDER ON DEFENDANT'S
                                                    MOTION TO DISMISS
JON HADDOW,

                    Defendant

Before the court is defendant Jon Haddow's[1] motion to dismiss plaintiff Robert Goguen's complaint. M.R. Civ. P. 12(b)(6). For the following reasons, the motion is granted.

Background

On January 12, 2011, plaintiff was indicted in United States District Court for the District of Maine, docket number 1:11-CR-00003-JAW, on one count of knowingly failing to register as required by the Sex Offender Registration and Notification Act. (Pl.'s Compl. ¶ 5; Def.'s Ex. 1.) On July 14, 2011, plaintiff pled guilty to the charge of knowingly failing to register. (Def.'s Ex. 2 at 6.) At the time of his plea, plaintiff was represented by attorney Donald Brown. (Def.'s Ex. 3 at 1.) In November 2011, plaintiff filed a pro se motion to withdraw his guilty plea and to have attorney Brown withdraw as counsel. The court granted that motion to have Attorney Brown withdraw and appointed defendant to represent plaintiff. (Def.'s Ex. 2 at 8; Pl.'s Compl. ¶¶ 4-5.) In May 2012, plaintiff withdrew his motion to withdraw his guilty plea. (Def.'s Ex. 2 at 8.) At the time of his federal charge, plaintiff had also been charged in state court with unlawful sexual

---

[1] Although plaintiff's complaint and memoranda indicate that the Law Firm of Farrell, Rosenblatt, and Russell is also a defendant to this action, plaintiff has not filed with the court any proof of service upon Farrell, Rosenblatt, and Russell as required by M.R. Civ. P. 4(h).

1

contact with a minor. (Pl.'s Compl. ¶ 6.) Attorney Randy Day represented plaintiff in the State criminal matter. (Pl.'s Compl. ¶ 8.)

Plaintiff's sentencing date in the federal matter was scheduled for September 14, 2012. (Def.'s Ex. 2 at 9.) At the sentencing hearing, the court informed plaintiff that the issue was whether plaintiff had committed a sex offense while in sex offender status. (Def.'s Ex. 5 at 3.) The court further informed plaintiff that the Government was required to prove by a preponderance of the evidence that plaintiff had committed a sex offense and explained four potential sentencing outcomes. (Def.'s Ex. 5 at 4-9.) First, if plaintiff accepted responsibility for committing a sex offense, plaintiff would be subject to a recommended sentence of 37 to 46 months. (Def.'s Ex. 5 at 4-5, 7.) Second, if the government did not prove that plaintiff had committed a sex offense while in sex offender status, plaintiff would be subject to a recommended sentence of 10 to 16 months. (Def.'s Ex. 5 at 5.) Third, if plaintiff did not testify on his own behalf and the government proved that plaintiff had committed a sex offense while in sex offender status, plaintiff would not likely be accorded any reduction in sentence for acceptance of responsibility and would be subject to a recommended sentence of 46 to 57 months. (Def.'s Ex. 5 at 5-7.) Fourth, if plaintiff did testify on his own behalf but the judge found he was not telling the truth, plaintiff would be subject to a 63 to 78 month recommended sentence. (Def.'s Ex. 5 at 7-9.)

At the conclusion of its dialogue with plaintiff, the court recessed for approximately one-hour to afford plaintiff an opportunity to discuss his options with defendant. (Def.'s Ex. 5 at 9-10.) After the recess, plaintiff informed the court that he no longer wished to have a hearing and that he did not dispute the issue of whether he had committed a sex offense while in sex offender status. (Def.'s Ex. 5 at 11.) Plaintiff further informed the court that he had read and understood the contents of the pre-sentencing report and did not dispute its accuracy. (Def.'s Ex. 5 at 12-13.)

2

At the conclusion of the hearing, the court imposed a sentence of 37 months of imprisonment with three years of supervised release. (Def.'s Ex. 5 at 32-33; Def's Ex. 7.) Plaintiff did not appeal the conviction or the sentence. (Def.'s Ex. 2 at 10-11.)

On August 16, 2013, the United States Probation Office moved to revoke plaintiff's supervised release. (Def.'s Ex. 8.) Defendant was again appointed to represent plaintiff in the revocation proceedings. (Def.'s Ex. 2 at 12.) On September 23, 2013, plaintiff waived his right to an evidentiary hearing in the revocation proceedings and conceded to engaging in conduct which constituted a violation of the terms of his supervised release. (Def.'s Ex. 9 at 4-7, 20.) The court sentenced plaintiff to 5 months of imprisonment and 31 months of supervised release. (Def.'s Ex. 9 at 20.) Plaintiff filed an appeal; the decision of the district court was affirmed. (Def.'s Ex.'s 10, 11.)

On November 13, 2015, the United States Probation Office once again moved to revoke plaintiff's supervised release. (Def.'s Ex. 2 at 16.) An initial appearance was held on November 16, 2015, at which defendant appeared on behalf of plaintiff. (Def.'s Ex. 2 at 17.) Attorney Hunter Tzovarras was appointed to represent plaintiff for the remainder of plaintiff's second revocation proceeding. (Def.'s Ex. 2 at 17.)

In his complaint, plaintiff alleges defendant failed to contact witnesses; failed to conduct adequate discovery; failed to contact various agencies, including courts and police and probation departments, which had plaintiff's personal information; and did not acknowledge the theories of defense proposed by plaintiff. (Pl.'s Compl. ¶ 7, 9, 14.) Plaintiff alleges that, without consulting plaintiff and against plaintiff's wishes, defendant asked plaintiff's attorney in the state criminal proceeding to stay that matter. (Pl.'s Compl. ¶¶ 15-17.) Plaintiff alleges he had been demanding

3

trial in state and federal courts and desired to have his trial in state court first in order to prove his innocence. (Pl.'s Compl. ¶¶ 11-12.)

Plaintiff alleges defendant's actions deprived plaintiff of his right to trial by jury. (Pl.'s Compl. ¶ 26.) Specifically, plaintiff alleges that at sentencing, defendant refused to advocate on behalf of plaintiff, did not challenge plaintiff's issues in the presentencing investigative report, did not preserve issues for appeal, and refused to file an appeal or seek postconviction remedies that plaintiff requested. (Pl.'s Compl. ¶¶ 29, 31-33.)

As causes of action, plaintiff alleges legal malpractice, intentional infliction of emotional distress, and negligent infliction of emotional distress against defendant Haddow and vicarious liability and negligent infliction of emotional distress against defendant Haddow's law firm, Farrell, Rosenblatt, and Russell. (Pl.'s Compl. ¶¶ 53-58.)

Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244. Generally, the court considers only the allegations in the complaint, which are accepted as true. Nadeau v. Frydrych, 2014 ME 154, ¶ 8, 108 A.3d 1254; Moody v. State Liquor & lottery Comm'n, 2004 ME 20, ¶ 8, 843 A.2d 43. A court may consider official public documents, documents that are central to a plaintiff's claim, and documents

4

referred to in the complaint without converting a motion to dismiss into a motion for summary judgment. Moody, 2004 ME 20, ¶ 11, 843 A.2d 43; see also M.R. Civ. P. 12(b).

Discussion

As a threshold matter, defendant's motion to dismiss relies on thirteen exhibits consisting of the indictment, docket record, transcripts, judgment, and other court filings from the federal criminal case in which defendant served as plaintiff's criminal defense attorney. Because these filings are both official public documents and central to plaintiff's claim, the court may properly consider them without converting defendant's motion to dismiss into a motion for summary judgment. Moody, 2004 ME 20, ¶ 11, 843 A.2d 43; Dickey v. Sinclair, No. CV-16-283, 2017 Me. Super. LEXIS 22, at *2 (Jan. 25, 2017).

"The elements of civil legal malpractice are (1) breach of a duty by a defendant to conform to a certain standard of conduct, and (2) the plaintiff's damages were proximately caused by the defendant's breach." Brewer v. Hagemann, 2001 ME 27, ¶ 5, 771 A.2d 1030. While the Law Court has noted that many jurisdictions across the country have imposed additional elements required to prove a claim of criminal malpractice, it has not yet decided whether Maine law requires a criminal malpractice plaintiff to plead and prove such additional elements. Id. ¶¶ 6-7.

In contrast to the Law Court, however, the Superior Court has required criminal malpractice plaintiffs to show exoneration and actual innocence as a prerequisite to bringing legal malpractice claims. Dickey, 2017 Me. Super. LEXIS 22, at **5-6, 7-8; Swanson v. Hallett, No. CV-13-541, 2014 Me. Super. LEXIS 124, at *8 (Sept. 2, 2014). These courts have concluded that a criminal defendant may not pursue a negligence or intentional tort claim so long as she "is still subject to the criminal conviction about which she complains." Dickey, 2017 Me. Super. LEXIS

5

22, at \* 6; Brewer v. Hagemann, Nos. CV-95-07, CV-95-75, 2000 Me. Super. LEXIS 118, at \* 4 (June 8, 2000).

In this case, plaintiff does not allege that he has been exonerated of his conviction.[2] Similarly, the docket record in plaintiff's federal criminal case does not reflect that plaintiff has been exonerated. Plaintiff's complaint therefore fails to plead adequately the element of exoneration.

Plaintiff argues, however, that he is not required to allege either exoneration or actual innocence in order to pursue a claim for criminal legal malpractice. In support of his argument, plaintiff cites to the New Hampshire case, Hilario v. Reardon, in which the court held that a criminal defendant was not required to show actual innocence where the malpractice claim was predicated on the criminal defense attorney's forfeiture of the defendant's ability to seek a lesser sentence.[3] 960 A.2d 337, 343-45 (N.H. 2008). Plaintiff argues that because defendant committed malpractice at both the initial sentencing as well as the first revocation proceeding, plaintiff is not required to show either exoneration or actual innocence.

The New Hampshire Supreme Court has subsequently clarified that Hilario "created a narrow exception to" the actual innocence requirement and found that the exception was "limited to those situations where the client's malpractice claims are unrelated to underlying guilt or innocence." Gaylor v. Jeffco, 999 A.2d 290, 293 (N.H. 2010). The actual innocence component

---

[2] Plaintiff also does not allege actual innocence. See Swanson, 2014 Me. Super. LEXIS 124, at \*8 ("The court predicts that the Law Court, if presented with the issue, would adopt the majority rule and would at least require exoneration and most likely actual innocence as a prerequisite to bringing a legal malpractice action against criminal defense counsel.")

[3] Specifically, the criminal defendant's attorney had filed a motion to withdraw defendant's plea. Consequently, the criminal defendant was unable to suspend a portion of his sentence because he had not complied with the terms of his plea agreement. See Hilario, 960 A.2d at 339.

6

of a criminal legal malpractice claim applies if the malpractice claim is related to the defendant's guilt or innocence.

In his memorandum, plaintiff argues that defendant committed malpractice with regard to sentencing because he failed to contest the sentencing enhancement posed by plaintiff's commission of a sex offense while in sex offender status and by failing to contest the validity of plaintiff's 1996 conviction as well as other criminal convictions mentioned in the pre-sentencing investigation report. (Pl.'s Memo. at 6-9.) His arguments involve the factual basis of plaintiff's guilt or innocence regarding conduct considered by the court at sentencing. The proximate cause of plaintiff's alleged damages for his legal malpractice action remains his illegal conduct and not the alleged negligence of his criminal defense attorney. Swanson, 2014 Me. Super. LEXIS 124, at *8 (citing Canaan v. Bartee, 72 P.3d 911, 917 (Kan. 2003)). The same is true for his emotional distress claims. See Brewer v. Hagemann, 2000 Me. Super. LEXIS 118, at * 4 ("any emotional distress resulting from imprisonment resulted, not from any professional negligence, but from the wrong found to have been done which resulted in the criminal charges, confinement, and conviction." Plaintiff is required to plead and prove, at least, exoneration. Id.; cf. Gaylor, 999 A.2d at 293.

Conclusion

In his complaint, plaintiff fails to allege that he has been exonerated of any criminal conviction. Accordingly, plaintiff's complaint fails to state a cause of action for legal malpractice, intentional infliction of emotional distress, or negligent infliction of emotional distress. Swanson, 2014 Me. Super. LEXIS 124, at *8; Brewer, 2000 Me. Super. LEXIS 118, at * 4-5.

The entry is

> Defendant Jon Haddow's Motion to Dismiss is GRANTED.
> Plaintiff's Complaint is DISMISSED.

7

Date: October 8, 2018

Nancy Mills
Justice, Superior Court

8

STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. CV-18-117

ROBERT GOGUEN,

              Plaintiff        STATE OF MAINE
                               Cumberland, ss. Clerk's Office
v.                                                    ORDER ON DEFENDANT'S
                               OCT 05 2018            MOTION TO DISMISS
JON HADDOW,
                               RECEIVED  2:25 p.m.
              Defendant

    Before the court is defendant Jon Haddow's[1] motion to dismiss plaintiff Robert Goguen's

complaint. M.R. Civ. P. 12(b)(6). For the following reasons, the motion is granted.

Background

    On January 12, 2011, plaintiff was indicted in United States District Court for the District

of Maine, docket number 1:11-CR-00003-JAW, on one count of knowingly failing to register as

required by the Sex Offender Registration and Notification Act. (Pl.'s Compl. ¶ 5; Def.'s Ex. 1.)

On July 14, 2011, plaintiff pled guilty to the charge of knowingly failing to register. (Def.'s Ex. 2

at 6.) At the time of his plea, plaintiff was represented by attorney Donald Brown. (Def.'s Ex. 3

at 1.) In November 2011, plaintiff filed a pro se motion to withdraw his guilty plea and to have

attorney Brown withdraw as counsel. The court granted that motion to have Attorney Brown

withdraw and appointed defendant to represent plaintiff. (Def.'s Ex. 2 at 8; Pl.'s Compl. ¶¶ 4-5.)

In May 2012, plaintiff withdrew his motion to withdraw his guilty plea. (Def.'s Ex. 2 at 8.) At

the time of his federal charge, plaintiff had also been charged in state court with unlawful sexual

---

[1] Although plaintiff's complaint and memoranda indicate that the Law Firm of Farrell, Rosenblatt, and
Russell is also a defendant to this action, plaintiff has not filed with the court any proof of service upon
Farrell, Rosenblatt, and Russell as required by M.R. Civ. P. 4(h).

1

contact with a minor. (Pl.'s Compl. ¶ 6.) Attorney Randy Day represented plaintiff in the State criminal matter. (Pl.'s Compl. ¶ 8.)

Plaintiff's sentencing date in the federal matter was scheduled for September 14, 2012. (Def.'s Ex. 2 at 9.) At the sentencing hearing, the court informed plaintiff that the issue was whether plaintiff had committed a sex offense while in sex offender status. (Def.'s Ex. 5 at 3.) The court further informed plaintiff that the Government was only required to prove by a preponderance of the evidence that plaintiff had committed a sex offense and explained four potential sentencing outcomes. (Def.'s Ex. 5 at 4-9.) First, if plaintiff accepted responsibility for committing a sex offense, plaintiff would be would be subject to a recommended sentence of 37 to 46 months. (Def.'s Ex. 5 at 4-5, 7.) Second, if the government did not prove that plaintiff had committed a sex offense while in sex offender status then plaintiff would be subject to a recommended sentence of only 10 to 16 months. (Def.'s Ex. 5 at 5.) Third, if plaintiff did not testify on his own behalf and the government proved that plaintiff had committed a sex offense while in sex offender status, it would be unlikely that plaintiff would be accorded any reduction of time for acceptance of responsibility and would therefore be subject to a recommended sentence of 46 to 57 months. (Def.'s Ex. 5 at 5-7.) Fourth, if plaintiff did testify on his own behalf but the judge found he was not telling the absolute and total truth, plaintiff would be subject to a 63 to 78 month recommended sentence. (Def.'s Ex. 5 at 7-9.)

At the conclusion of its dialogue with plaintiff, the court recessed for approximately one-hour to afford plaintiff an opportunity to discuss his options with defendant Haddow. (Def.'s Ex. 5 at 9-10.) Upon resuming proceedings, plaintiff informed the court that he no longer wished to have a hearing and that he did not dispute the issue of whether he had committed a sex offense while in sex offender status. (Def.'s Ex. 5 at 11.) Plaintiff further informed the court that he had

2

read and understood the contents of the pre-sentencing report and did not dispute the accuracy of its contents. (Def.'s Ex. 5 at 12-13.) At the conclusion of the hearing the court imposed a sentence of 37 months of imprisonment with three years of supervised release. (Def.'s Ex. 5 at 32-33; Def's Ex. 7.) Plaintiff did not appeal either the conviction or the sentence. (Def.'s Ex. 2 at 10-11.)

On August 16, 2013, the United States Probation Office moved to revoke plaintiff's supervised release. (Def.'s Ex. 8.) Defendant was again appointed to represent plaintiff in the revocation proceedings. (Def.'s Ex. 2 at 12.) On September 23, 2013, plaintiff waived his right to an evidentiary hearing in the revocation proceedings and conceded to engaging in conduct which constituted a violation of the terms of his supervised release. (Def.'s Ex. 9 at 4-7, 20.) The court sentenced plaintiff to 5 months of imprisonment and 31 months of supervised release. (Def.'s Ex. 9 at 20.) Plaintiff filed an appeal and the decision of the district court was affirmed. (Def.'s Ex.'s 10, 11.)

On November 13, 2015, the United States Probation Office once again moved to revoke plaintiff's supervised release. (Def.'s Ex. 2 at 16.) An initial appearance was held on November 16, 2015, at which defendant appeared on behalf of plaintiff. (Def.'s Ex. 2 at 17.) Attorney Hunter Tzovarras was appointed to represent plaintiff for the remainder of plaintiff's second revocation proceeding. (Def.'s Ex. 2 at 17.)

In his complaint, plaintiff alleges defendant failed to contact witnesses; failed to adequately conduct discovery; failed to contact various agencies, including courts and police and probation departments, which had plaintiff's personal information; and did not acknowledge the theories of defense proposed by plaintiff. (Pl.'s Compl. ¶ 7, 9, 14.) Plaintiff further alleges that, without consulting plaintiff and against plaintiff's wishes, defendant asked plaintiff's attorney in the state criminal proceeding to stay the matter. (Pl.'s Compl. ¶¶ 15-17.) Plaintiff had been demanding

3

trial in state and federal courts and desired to have his trial in state court first in order to prove his innocence. (Pl.'s Compl. ¶¶ 11-12.)

Plaintiff alleges defendant's actions deprived plaintiff of his right to trial by jury. (Pl.'s Compl. ¶ 26.) Plaintiff alleges that at sentencing, defendant refused to advocate on behalf of plaintiff, did not challenge plaintiff's issues in the presentencing investigative report, did not preserve issues for appeal, and refused to file an appeal or seek postconviction remedies that plaintiff requested. (Pl.'s Compl. ¶¶ 29, 31-33.)

As causes of action, plaintiff alleges legal malpractice, intentional infliction of emotional distress, and negligent infliction of emotional distress against defendant Haddow and vicarious liability and negligent infliction of emotional distress against defendant Haddow's law firm, Farrell, Rosenblatt, and Russell. (Pl.'s Compl. ¶¶ 53-58.)

Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244. Generally, the court considers only the allegations in the complaint, which are accepted as true. Nadeau v. Frydrych, 2014 ME 154, ¶ 8, 108 A.3d 1254; Moody v. State Liquor & lottery Comm'n, 2004 ME 20, ¶ 8, 843 A.2d 43. A court may, however, consider official public documents, documents that are central to a plaintiff's claim, and

4

documents referred to in the complaint without converting a motion to dismiss into a motion for summary judgment. Moody, 2004 ME 20, ¶ 11, 843 A.2d 43; see also M.R. Civ. P. 12(b).

Discussion

As a threshold matter, defendant's motion to dismiss relies on thirteen exhibits consisting of the indictment, docket record, transcripts, judgment, and other court filings from the federal criminal case in which defendant served as plaintiff's criminal defense attorney. Because these filings are both official public documents and central to plaintiff's claim, the court may properly consider them without converting defendant's motion to dismiss into a motion for summary judgment. Moody, 2004 ME 20, ¶ 11, 843 A.2d 43; Dickey v. Sinclair, No. CV-16-283, 2017 Me. Super. LEXIS 22, at *2 (Jan. 25, 2017).

"The elements of civil legal malpractice are (1) breach of a duty by a defendant to conform to a certain standard of conduct, and (2) the plaintiff's damages were proximately caused by the defendant's breach." Brewer v. Hagemann, 2001 ME 27, ¶ 5, 771 A.2d 1030. While the Law Court has noted that many jurisdictions across the country have imposed additional elements required to prove a claim of criminal malpractice, it has not yet decided whether Maine law requires a criminal malpractice plaintiff to plead and prove such additional elements. Id. ¶¶ 6-7.

In contrast to the Law Court, however, the Superior Court has required criminal malpractice plaintiffs to show exoneration and actual innocence as a prerequisite to bringing legal malpractice claims. Dickey, 2017 Me. Super. LEXIS 22, at **5-6, 7-8; Swanson v. Hallett, No. CV-13-541, 2014 Me. Super. LEXIS 124, at *8 (Sept. 2, 2014). Accordingly, a criminal defendant may not pursue a negligence or intentional tort claim so long as she "is still subject to the criminal conviction about which she complains." Dickey, 2017 Me. Super. LEXIS 22, at * 6; Brewer v. Hagemann, Nos. CV-95-07, CV-95-75, 2000 Me. Super. LEXIS 118, at * 4 (June 8, 2000).

5

In this case, plaintiff does not allege that he has been exonerated of his conviction.[2] Similarly, the docket record in plaintiff's federal criminal case does not reflect that plaintiff has been exonerated. Plaintiff's complaint therefore fails to plead adequately the element of exoneration.

Plaintiff argues, however, that he is not required to allege either exoneration or actual innocence in order to pursue a claim for criminal legal malpractice. In support of his argument, plaintiff cites to the New Hampshire case, Hilario v. Reardon, which held that a criminal defendant did not need to show actual innocence where the malpractice claim was predicated on the criminal defense attorney's forfeiture of the defendant's ability to seek a lesser sentence.[3] 960 A.2d 337, 343-45 (N.H. 2008). Plaintiff argues that because defendant committed malpractice at both the initial sentencing as well as the first revocation proceeding, plaintiff is not required to show either exoneration or actual innocence.

While at first blush Hilario might appear to lend support to plaintiff's argument, the New Hampshire Supreme Court has subsequently clarified that Hilario "created a narrow exception to" the actual innocence requirement finding the exception was "limited to those situations where the client's malpractice claims are unrelated to underlying guilt or innocence." Gaylor v. Jeffco, 999 A.2d 290, 293 (N.H. 2010). The actual innocence component of a criminal legal malpractice claim applies if the malpractice claim is related to the defendant's guilt or innocence. In his memorandum, plaintiff argues that defendant committed malpractice with regard to sentencing

---

[2] Plaintiff also does not allege actual innocence. See Swanson, 2014 Me. Super. LEXIS 124, at *8 ("The court predicts that the Law Court, if presented with the issue, would adopt the majority rule and would at least require exoneration and most likely actual innocence as a prerequisite to bringing a legal malpractice action against criminal defense counsel.")

[3] Specifically, the criminal defendant's attorney had filed a motion to withdraw defendant's plea. Consequently, the criminal defendant was unable to suspend a portion of his sentence because he had not complied with the terms of his plea agreement.

because he failed to contest the sentencing enhancement posed by plaintiff's commission of a sex offense while in sex offender status and by failing to contest the validity of plaintiff's 1996 conviction as well as other criminal convictions mentioned in the pre-sentencing investigation report. (Pl.'s Memo. at 6-9.)

Unfortunately for plaintiff, his arguments involve the factual basis of plaintiff's guilt or innocence regarding conduct considered by the court at sentencing. Consequently, the proximate cause of plaintiff's alleged damages for his legal malpractice action remains his illegal conduct and not the alleged negligence of his criminal defense attorney. Swanson, 2014 Me. Super. LEXIS 124, at *8 (citing Canaan v. Bartee, 72 P.3d 911, 917 (Kan. 2003)). The same is true for his emotional distress claims. See Brewer v. Hagemann, 2000 Me. Super. LEXIS 118, at * 4 ("any emotional distress resulting from imprisonment resulted, not from any professional negligence, but from the wrong found to have been done which resulted in the criminal charges, confinement, and conviction." Plaintiff is required to plead and prove, at least, exoneration. Id.; cf. Gaylor, 999 A.2d at 293.

Conclusion

In his complaint, plaintiff fails to allege that he has been exonerated of any criminal conviction. Accordingly, plaintiff's complaint fails to state a cause of action for legal malpractice, intentional infliction of emotional distress, or negligent infliction of emotional distress. Swanson, 2014 Me. Super. LEXIS 124, at *8; Brewer, 2000 Me. Super. LEXIS 118, at * 4-5.

The entry is

Defendant Jon Haddow's Motion to Dismiss is GRANTED.
Plaintiff's Complaint is DISMISSED.

Date: October 5, 2018

Nancy Mills
Justice, Superior Court

7