IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF WALDO.

ARGUED AT JULY TERM, 1846.

---

ELIZABETH JOY, *Adm'x. versus* ISAAC ADAMS *& al.*

Witnessed notes, after the lapse of twenty years since they became payable, are barred by the statute of limitations. Rev. St. c. 146, § 11.

A mortgage security has not been deemed to be within any branch of the statute of limitations. He, who would avoid such security, must show payment; otherwise the mortgagee will not be precluded from entering upon and holding possession of the mortgaged premises.

The mortgagor has not been allowed to defeat the right of the mortgagee to enter upon the land, or obtain possession thereof, by showing merely, that the personal security, to which the mortgage security is collateral, has become barred by the statute. But he has been allowed to allege payment, and for proof thereof, to rely upon the lapse of time, when it amounted to twenty years from the accruing of the indebtment.

The lapse of twenty years after the debt secured by the mortgage became payable, has been deemed to be sufficient evidence of payment, in the absence of any countervailing considerations. In such case the fact of payment is admitted as a presumption of law, which may be removed by circumstances tending to produce a contrary presumption.

Whether such presumption has, or has not, been removed by proof, or by circumstances, is a question for the determination of the jury.

WRIT of entry demanding a tract of land in Troy in the county of Waldo.

The parties agreed upon a statement of facts, and that

the Court thereupon might draw such conclusions and inferences as a jury could legally draw, and render judgment in favor of the demandant, or tenant, as they should find the law to require.

The facts appear in the opinion of the Court.

*W. Kelley* argued for the demandant, saying that he supposed the only question to be, whether the mortgage is discharged by the lapse of more than twenty years after the notes secured by it became payable. The notes are witnessed, and therefore are not barred by the statute. A presumption of payment may be raised by the lapse of twenty years. But that, like all other presumptions of law, may be rebutted. He contended that any presumption of payment was rebutted by facts in the case. He cited statute 1821, c. 62, § 12; Rev. St. c. 146, § 13; 19 Pick. 535; 1845 July No. of Kinne's Comp. page 175.

*W. G. Crosby*, for the tenants, said that the tenants claimed that judgment should be rendered in their favor, and that they should hold the land discharged of the mortgage, because there is nothing due upon the same. Rev. St. c. 125, § 10; *Wade* v. *Howard*, 11 Pick. 297.

The demandant, by permitting Millet, the mortgagor, to remain in the undisturbed possession of the premises for more than twenty years, without making any entry, or claim, or demand of payment, standing by while the mortgagor made two conveyances of the premises, without interposing any objection, virtually signified to the world, that he had ceased to have any right, title, or interest in and to the same. *Durham* v. *Alden*, 20 Maine R. 228.

It was contended, as matter of fact, that the mortgage was discharged. There certainly is not in this case any evidence to repel the legal presumption of payment, and the tenants are entitled to the full benefit of it. 2 Metc. 26; 12 Mass. R. 379; 1 T. R. 270; 1 Burr. 433; 5 Dane, 400; 3 Wash. C. C. R. 323; 1 Greenl. Ev. 46 and note; 10 Johns. R. 381; 12 Johns. R. 242.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is a writ of entry upon disseizin, the demandant being administratrix *de bonis non*, of the estate of Benjamin Joy, deceased. It appears, that the premises demanded, were mortgaged to him on the 16th of May, 1814, by Thomas and David Millet, to secure the payment of three notes of hand, given by them to the deceased, payable in one, two and three years from the said 16th day of May, 1814, with annual interest. His decease took place in 1829, at his place of residence in Massachusetts, he never having been an inhabitant of Maine. He left a will, of which Hannah Joy was executrix. No authority to administer upon his estate in this State was taken till 1839. In that year the executrix became qualified for that purpose, and commenced this suit, and soon after died; when the plaintiff took administration here, and took upon herself the prosecution of this suit. It does not appear, that the mortgagee ever made any demand of the sums, so secured, in his lifetime; or that his executrix did so afterwards, until the institution of this suit.

Thomas and David Millet remained in the undisturbed possession of the premises till 1832, when Thomas Millet died, leaving two children; no administration was ever taken of his estate, and David, subsequently, in the same year, mortgaged the estate to Alfred Johnson, jr., who assigned the same to the defendant, Adams; to whom David, in 1837, made his deed of quitclaim of the premises. Nickerson, the other defendant, claims, under Adams, one fourth part thereof.

The defence rests upon the presumption of payment by the mortgagors, arising from the lapse of time since the debt, secured by the mortgage, became payable. The notes given therefor, although witnessed, are unquestionably barred by our statute of limitations, ch. 146, § 11. The mortgage, nevertheless, may not be considered as discharged. The reason is, that the statute does not, in terms, purport to be to the effect, that actual payment shall be presumed to have been made; but from motives of policy, providing, that no suit shall be commenced on the personal security after a certain period has

elapsed, after the sum secured shall have become due, unless the promise shall have been renewed within the period prescribed ; and, moreover, it has always been considered, that, after such period has elapsed, no new consideration was necessary to render a new promise available.

A mortgage security has not been deemed to be within any branch of the statute of limitations. He who would avoid such security must show payment ; otherwise the mortgagee will not be precluded from entering upon, and holding possession of the mortgaged premises. The mortgagor has not been allowed to defeat such right by showing merely that the personal security, to which the mortgage security is collateral, has become barred by the statute. *Thayer* v. *Mann*, 19 Pick. 535. But he has been allowed to allege payment, and for proof to rely upon the lapse of time, when it amounted to twenty years from the accruing of the indebtment. Such a lapse of time has been deemed to be sufficient for the purpose, in the absence of any countervailing considerations. This is admitted as a presumption of law, which may be removed by circumstances tending to produce a contrary presumption. *Oswald* v. *Leigh*, 1 D. & E. 270. Such circumstances being adduced, they would ordinarily be referred to a jury to determine whether, on the whole, it was reasonable to believe, that the debt, notwithstanding the lapse of time, had never been paid. The parties, in this case, have chosen to refer the question to the Court. We are, therefore, to exercise the province of a jury ; and determine, as they might, whether, under the circumstances disclosed, it can be believed, that the debt has not in fact, been paid.

The first ground relied upon by the plaintiff to affect the presumption of payment, is, that the notes, given for the amount, payable at three different times, are yet in the hands of the administratrix, entire and uncancelled. It is undoubtedly in accordance with general usage for those, who give notes, to take them up when paid ; or, if but partially paid, to have the payments indorsed thereon. These notes being payable at different periods of time, if all were actually paid, it

may be regarded as still more singular, that no one of them should have been delivered up. Another consideration of some weight, is, that the title of the promisors, to the real estate mortgaged, was dependant upon their having these notes cancelled. Every consideration of a provident character would have urged to a very close attention to the cancelling of securities so situated, if actually paid. The promisee lived twelve years after the notes became due, affording an ample opportunity, if paid, for the makers to insist on their cancellation.

Thomas Millet died in 1832, leaving two children, and no administration was ever taken on his estate ; the debt, therefore, could not have been paid from his estate ; and David, afterwards, in the same year, conveyed the estate, as if wholly his own, in mortgage to Alfred Johnson, Jr , who assigned the same to the defendant, Adams. If Thomas had ever paid any portion of the debt in question, it is not easy to be understood how it should have happened, that the rights of his children should have been disregarded by David, in his conveyance to Johnson. Thomas seems, originally, to have been equally interested in the estate with David, yet David's conveyance to Johnson would seem to have been acquiesced in to the present time by the heirs of Thomas.

Moreover, David appears to be still living. It cannot be doubted, that, if the debt in question was ever paid, he must have been conusant of it. He was, or might have been made, a competent witness for the defendants ; and would have been able to give direct evidence of payment, if any had been made, to redeem the estate. When such evidence is within the power of the party to prove a fact, if it actually existed, and when there would seem to be no good reason, why it should not be resorted to, an attempt to rely upon secondary evidence, which the presumption of payment, arising from lapse of time, clearly is, should be viewed, at least, with some degree of distrust.

Again : it may be noted, that the mortgagee lived in Massachusetts, over two hundred miles from the mortgagors, until his death, as did also his executrix, and the present plaintiff,

rendering it less probable, than otherwise might be the case, that any voluntary payments would be made, or that the promisee or his representatives, would be calling for payment; especially as they knew the debt was secured by mortgage, with a stipulation to pay annual interest; and such a distance renders it less probable, that payment would be made without being accompanied with documentary evidence of the fact: but it is not pretended, that any thing of the kind exists, or ever has existed. On the whole, it can scarcely be doubted that the debt in question still subsists.

The conveyance of the estate by David Millett to Johnson in 1832, cannot affect the rights of the plaintiff. The latter, if it were necessary to do so, must be deemed to have purchased with constructive notice of the state of the title in the former. But fifteen years had then elapsed, since the debt in question had become payable. No presumption could then have run against its existence. The present defendants, coming in under him, must be content with such title as he had to convey.

The conditional judgment therefore, as on mortgage, must be entered for the plaintiff.