STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & COUNSUMER DOCKET
DOCKET NO. BCD-CV-2018-17 ✓

NANCY GAMASH,                      )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     ORDER ON DEFENDANT BANK OF
                                   )     AMERICA'S MOTION TO DISMISS
BANK OF AMERICA, N.A., &           )
ESTATE OF BARBARA FROST            )
                                   )
          Defendant.

Pending before the Court is Defendant Bank of America, N.A.'s ("BOA") motion to dismiss Plaintiff Nancy Gamash's first amended complaint (the "Complaint") on the grounds that it fails to state a claim for which relief may be granted. M.R. Civ. P. 12(b)(6). Ms. Gamash opposes the motion. Pursuant to the discretion granted it by M. R. Civ. P. 7(b)(7), the Court chose to rule on the motion without hearing.

## BACKGROUND

The estate of Barbara Frost (the "Estate") is being administered by the Cumberland County Probate Court, Docket No. 2013-0451. (Pl's Compl. ¶ 4.) Ms. Gamash was the stepsister of Ms. Frost and is the residual beneficiary of her estate. (Pl's Compl. ¶ 5.) The only asset of Ms. Frost's estate is property located at 2 York Street, Old Orchard Beach. (Pl's Compl. ¶ 6.) This case arises out of the Law Court's opinion in *Estate of Frost*, 2016 ME 132, 146 A.3d 118, on appeal of the Cumberland County Probate Court's (*Mazziotti, J.*) entry of a summary judgment in BOA's favor. On appeal, the Law Court affirmed the summary judgment entered by the Probate Court (*Mazziotti, J.*) in favor of BOA as to the validity of a promissory note (the "Note") and the reverse mortgage (the "Mortgage") securing the Note, both executed by Ms. Frost. *Id.* ¶ 1. The Law Court vacated

1

the summary judgment entered by the Probate Court in favor of BOA as to the validity of $208,000 in mortgage advances secured through an invalid power of attorney. *Id.* ¶ 29. The case was remanded to the Probate Court for entry of a summary judgment in Ms. Gamash's favor on that issue. *Id.*

The Law Court's opinion in *Frost* left unresolved the issue of how much the Estate owed under the Note when the $208,000 in advances were discounted. After *Frost* was decided, BOA continued to send monthly statements to the Personal Representative of the Estate, but these statements have not reflected the $208,000 reduction resulting from the Law Court's opinion in *Frost*. (Pl's Compl. ¶¶ 18-19.) Thus, over the months after *Frost* was decided on appeal (Aug. 16, 2016) up until sometime after August 4, 2017, Ms. Gamash and BOA exchanged multiple correspondences through their respective attorneys in which Ms. Gamash requested "what [BOA] thinks it is owed in total[ ]" and BOA either "refused to identify what it contend[ed] it [was] owed" or, by June 29, 2017, "wrote that [it] did not know what [BOA] thought it was owed." (Pl's Compl. ¶¶ 20-25.) Ms. Gamash thus filed a petition for declaration of rights with the Probate Court that raised similar arguments and requested similar relief to the instant Complaint. (Pl's Compl. ¶ 26.) Ms. Gamash did not properly serve BOA and as a result the Probate Court dismissed the petition. (Pl's Compl. ¶¶ 26-32.) Thereafter, Ms. Gamash brought the instant litigation in this Court under 18-A M.R.S. § 3-105 which grants this Court concurrent jurisdiction with the Probate Court "to determine title to property alleged to belong to the state, and of any action or proceeding in which property is distributed by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent." (Pl's Compl. ¶ 46.) Ms. Gamash seeks a declaratory judgment to determine "what amount, if any, [BOA] is entitled to for the [Mortgage] . . . ." (Pl's Compl. ¶ 47, p. 8.)

2

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* "The legal sufficiency of a complaint challenged pursuant to M.R. Civ. P. 12(b)(6) is a question of law" and thus subject to de novo appellate review. *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141.

## DISCUSSION

Ms. Gamash concedes "that she is not challenging the validity of the mortgage." (Opp'n Mot. Dismiss 3 n.2.) Instead, Ms. Gamash's Complaint requests a declaratory judgment as to (1) whether BOA's right to bring an enforcement action to recover the amount due is barred by the statute of limitations (Pl's Compl. ¶¶ 40-44) and (2) the amount due on the Note secured by the Mortgage. As to (2), Ms. Gamash alleges that (a) she "disputes the amount that [BOA] has asserted it is owed on the loan," (Pl's Compl. ¶¶ 33, 37); (b) BOA "has asserted that it is owed attorney fees, a breach of the [Note]," (Pl's Compl. ¶ 36) and (c) the interest calculation is incorrect. (Pl's Compl. ¶¶ 38-39.)

1. Statute of Limitations

In her Complaint, Ms. Gamash alleges that "[t]he amount that [BOA] has asserted it is owed is [ ] barred by the statute of limitations as the Note and associated mortgage . . . require that the residence be the mortgagor's principal residence; a requirement that was breached when the

3

Note and Mortgage were signed on November 7, 2007." (Pl's Compl. ¶ 40.) Ms. Gamash goes on to allege that Ms. Frost had already moved out of the residence when the Mortgage and Note were executed, that BOA knew about this by at least September 24, 2009, and that Maine's six-year statute of limitations applies and runs from either November 7, 2007 or September 24, 2009. (Pl's Compl. ¶¶ 42-44.) BOA argues that this claim[1] can be dismissed because a twenty-year statute of limitation applies.[2] (Mot. Dismiss 6.)

In *Johnson v. McNeil*, 2002 ME 99, 800 A.2d 702, our Law Court held "that a real estate mortgagee is not precluded from foreclosing on a mortgage deed even though a separate action on the note evidencing the debt is barred" by the six-year statute of limitations. *Id.* ¶ 1. In *Johnson*, the Court reaffirmed its holding in *Joy v. Adams*, 26 Me. 330 (1846):

> Even though the mortgagor could not be held liable in a suit on the notes, we concluded that the mortgagee's executrix could still foreclose on the mortgage by taking possession of the collateral and holding it until the debt was paid, or if the debt was not paid within the expiration of the redemption period, by keeping the property in satisfaction of the debt.

*Johnson*, 2002 ME 99, ¶ 12, 800 A.2d 702 (citing *Joy*, 26 Me. at 332-33). "Thus, the running of the period of limitations during which the provisions of the note may be enforced does not eliminate the existence of the debt obligation itself, nor does it abrogate the mortgage securing the debt or affect the foreclosure remedies available to the mortgagee." *Id.* ¶ 13 (citing *Joy*, 26 Me. at 333.). The statute of limitations to foreclose on a mortgage is twenty years. *Id.* ¶ 14; *see also* 14 M.R.S. § 6104.

---

[1] BOA seems to assume that that the issue of whether any hypothetical future foreclosure or enforcement action brought by BOA is time-barred can be resolved in a summary judgment action, notwithstanding that Ms. Gamash does not allege that BOA has initiated that action. *Cf. Me. Med. Ctr. v. Cote*, 577 A.2d 1173 (Me. 1990).

[2] BOA also argues that (1) the loan documents state that forbearance to exercise a right or remedy shall not be a waiver of or preclude the exercise of any right or remedy, and (2) any statute of limitations would run from 2012, when the Mortgage was declared in default. (Mot. Dismiss 6.)

4

Ms. Gamash's only response in opposition to this argument is that Ms. Gamash and the Estate "should not have to wait <u>20 years</u> while [BOA] holds the property hostage and demands that it be paid the disputed amount that it has determined it is owed[.]" (Opp'n Mot. Dismiss 4 (emphasis in original).) Unfortunately for Ms. Gamash, the Legislature and our Law Court disagree and have determined that twenty years is the proper period for a statute of limitations for actions to foreclose on a mortgage. *Johnson*, 2002 ME 99, ¶ 24, 800 A.2d 702; 14 M.R.S. § 6104.

Because a foreclosure action is not time-barred based on the allegations in the Complaint, a declaration as to whether an action on the Note is time-barred "would not terminate the uncertainty or controversy giving rise to the proceeding." 14 M.R.S. § 5958. The Court therefore GRANTS the motion to dismiss to the extent[3] that Ms. Gamash seeks a declaration that "any claims for enforcement of the amounts that [BOA] claims are due on the mortgage are [time] barred." (Pl's Compl. ¶ 44.) Under the facts alleged, the Court cannot issue a declaratory judgment that a hypothetical future foreclosure action would be time-barred.

2. The Amount Due on the Note Secured by the Mortgage

    a. Ms. Gamash has Pled a Valid Claim for a Declaratory Judgment

BOA's first argument for dismissal on this aspect of the Complaint for declaratory judgment is that "a request for declaratory relief requires the pleading of a valid claim, which has not occurred here." (Mot. Dismiss 5.) Ms. Gamash responds that at essence her Complaint "surrounds an issue regarding real property, and [that she] seeks a judicial determination as to her legal rights under the written instrument associated with the property[.]" (Opp'n Mot. Dismiss 2.) Ms. Gamash further responds that "[c]ourts routinely address issues regarding obligations on notes

---

[3] Ms. Gamash includes this request in Paragraph 44 of her Complaint, but not in the prayer for relief at the conclusion of her pleading that requests only a "determin[ation] [of] what amount, if any, [BOA] is entitled to for the reverse mortgage . . . ." (Pl's Compl. at 8.)

5

[and] asking for a declaration of such obligations is not creating a new cause of action." (Opp'n Mot. Dismiss 2 (quotation marks omitted).)

"The Declaratory Judgments Act . . . should be liberally construed to provide a simple and effective means by which parties may secure a binding judicial determination of their legal rights, status or relations under . . . written instruments where a justiciable controversy has arisen." *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me. 1980). "An action for declaratory judgment is an appropriate vehicle for establishing rights in real property." *Id.* "No injury need have been suffered nor wrong inflicted as a predicate to a declaratory judgment action; the very purpose of the declaratory judgments act is to spare the parties the necessity of doing or suffering wrong before their legal rights can be construed judicially." Horton & McGehee, *Maine Civil Remedies* § 3-1(c) at 33 (4th ed. 2004).

Here, under the facts alleged, there is a genuine controversy as to the amount owing under the Note secured by the Mortgage, *i.e.* the "rights, status or relations [of the parties] under [a] written instrument[ ]." *Hodgdon*, 411 A.2d at 669. *See also* 14 M.R.S. §§ 5953-5955. Given the long statute of limitations for foreclosure actions on mortgages, the Complaint for declaratory judgment could well be Ms. Gamash's only avenue for a judicial determination of what is owed under the Note secured by that Mortgage for the foreseeable future. (*See* Opp'n Mot. Dismiss 4.) Therefore, this case fits within the purpose of the declaratory judgment act: "to provide a more adequate and flexible remedy in cases where jurisdiction already exists." *See Hodgdon*, 411 A.2d at 669 (quoting *Casco Bank & Tr. Co. v. Johnson*, 265 A.2d 306, 307 (Me. 1970)).

Furthermore, to the extent that BOA's interest in the property is commensurate with the amount of the debt secured by the Mortgage on the property, this declaratory judgment action is an "action for determining rights in real property" and our Law Court has repeatedly held that "a

6

declaratory judgment action is a suitable form of action for determining rights in real property." *Dowley v. Morency*, 1999 ME 137, ¶ 11 n.4, 737 A.2d 1061. The parties' rights and interest in the property are also implicated under the facts alleged in the Complaint. Ms. Gamash wises to inherit this property, but is reluctant to do so until the amount owed to BOA on the Mortgage is determined. (Pl's Compl. ¶ 25.) If Ms. Gamash prevails in this suit and obtains the declaratory relief she seeks, the extent to which her beneficial interest in the property is limited by BOA's interest as mortgagee will be resolved.

In sum, Ms. Gamash's Complaint states a claim for which a declaratory judgment is a suitable remedy.

### b. Ms. Gamash's Allegations Regarding the Amount Owing Under the Mortgage State a Claim Against BOA

BOA's second argument is that even if a declaratory judgment action is the proper mechanism to resolve the issue of what is owed on the Note, that Ms. Gamash's "vague allegations that the amount owed is incorrect[ ]" does not state a claim against BOA because the Complaint does not "allege[ ] that the amount of the loan outstanding as specified . . . is inaccurate." (Mot. Dismiss 7.) Ms. Gamash responds that the Complaint "states, multiple times, that Plaintiff disputes the amount that [BOA] asserts it is owed, and provides multiple reasons describing why the asserted amount is incorrect." (Opp'n Mot. Dismiss 3 (citing Pl's Compl. ¶¶ 18-24, 27, 33-44).)

On a motion to dismiss, courts "view the complaint in the light most favorable to the plaintiff . . . ." *Brewer v. Hagemann*, 2001 ME 27, ¶ 4, 771 A.2d 1030. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 5, 708 A.2d 283 (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)). Here, Ms. Gamash has alleged that she "disputes the amount that [BOA] has asserted it is

owed on the loan." (Pl's Compl. ¶ 33.) Ms. Gamash further alleges that BOA's "asserted amount due on the Note . . . greatly exceeds and is contrary to the outstanding principal it represented as owed in it Motion for Reconsideration fil[ed] with the Maine Law Court." (Pl's Compl. ¶ 37.) Finally, Ms. Gamash alleges facts explaining why the amount BOA is demanding is inaccurate. (Pl's Compl. ¶¶ 18-19,21-22 34-36, 38-39.)

In sum, Ms. Gamash has sufficiently alleged that the amount BOA is requesting is inaccurate.

### c. BOA's Remaining Arguments for Dismissal Are Fact-Based

Finally, BOA argues that Ms. Gamash's allegations regarding the interest calculation and assessment of attorney fees are "conclusory," lack "explanation," and that "Plaintiff misinterprets the plain language of the [Note]." (Mot. Dismiss 7-8.) Ms. Gamash responds that BOA's "arguments addressing these issues are fact-based, premature, and inappropriate at this stage in the pleadings." (Opp'n Mot. Dismiss 3.)

"When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), 'the material allegations of the complaint must be taken as admitted.'" *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83). *See also* M.R. Civ. P. 8(a),(e). The Court cannot scrutinize the factual accuracy of Ms. Gamash's allegations on a motion to dismiss.[4] BOA's arguments would be more properly raised in a motion for summary judgment or after trial when a factual record has been established.

---

[4] BOA attaches a number of exhibits to its motion. "The general rule is that only the facts alleged in the complaint may be considered on a motion to dismiss[,]" subject to certain limited exceptions. *See Moody*, 2004 ME 20, ¶¶ 8, 11, 843 A.2d 43. BOA makes no attempt to fit the exhibits within a recognized "*Moody* exception." The Court did not review any of BOA's exhibits in deciding this motion.

8

## CONCLUSION

Based on the foregoing, the entry will be:

Defendant Bank of America, N.A.'s motion to dismiss Plaintiff's Complaint is GRANTED IN PART and DENIED IN PART as follows: (1) To the extent that Ms. Gamash seeks a judicial declaration that any claims for enforcement of the amounts that BOA claims are due on the mortgage are time-barred, Defendant's motion is GRANTED, and the Court dismisses that claim. (2) In all other respects Defendant's motion to dismiss the Complaint is DENIED.

The case will be scheduled for a status conference to discuss the future proceedings.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: September 10. 2018

Richard Mulhern
Judge, Business and Consumer Court

Entered on the Docket: 9-11-18
Copies sent via Mail __ Electronically ✓

9